Henry Leon Padgett, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Submitted on briefs, December 15, 1976, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Henry Leon Padgett,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by President Judge Bowman, May 18, 1977:

Henry Leon Padgett filed a petition for writ of habeas corpus in the Court of Common Pleas of York County which transferred the proceedings to this Court because the substance of the petition challenges certain actions and procedures of the Pennsylvania Board of Probation and Parole (Board). Upon transfer we have considered the petition as in the nature of a complaint in mandamus, directed the Board to answer or otherwise plead and the matter is now before us upon the petition and the Board's preliminary objections, together with a certificate of its chairman concerning acts and proceedings of the Board with respect to petitioner, Section 8, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.8.

The issues so raised relate to petitioner's sentence on a larceny charge and the Board's actions and proceedings incident thereto. This conviction (York

County, C. P. No. 80 5/73) resulted in a sentence of one to two years effective October 27, 1973; original minimum 10-27-74, original maximum 10-27-75. On March 3, 1975, petitioner was released on parole. An incredible sequence of events then followed which culminated, so far as the sentence in question is concerned, in the Board extending petitioner's maximum sentence, as a convicted parole violator, to March 7, 1977.

On June 21, 1975, petitioner was arrested on a charge of theft and released on bail. On July 9, 1975, he was arrested on a charge of armed robbery (five counts) and kidnapping. On that same day a parole violation warrant was lodged against him by the Board. After hearing held on August 29, 1975, the Board, by order dated September 4, 1975, ordered petitioner detained pending disposition of the open charges. Petitioner remained incarcerated until October 27, 1975, the expiration date of his original maximum sentence, when the Board's detainer was lifted. He was thus under the custody and control of the Board for three months and seventeen days. Roughly two months later petitioner was released on bail pending disposition of the open charges.

On May 27, 1976, petitioner was convicted on a charge of theft (apparently the theft charge for which he was arrested on June 21, 1975) and sentenced to a term of one year. Bail was continued pending appeal.

On July 13, 1976, petitioner was again taken into custody on the Board's warrant and, after hearing, was recommitted as a convicted parole violator. The maximum expiration date of his original sentence was extended, as noted above, to expire as of March 7, 1977.

Petitioner challenges the authority of the Board to so recompute his sentence on the ground that the maximum term of his original sentence had expired on Oc-

tober 27, 1975, thereby depriving the Board of jurisdiction over his person. Petitioner also asserts that the Board improperly included in extending his maximum original sentence as a convicted parole violator the period from July 9, 1975, to October 27, 1975, the time he was incarcerated subject to the Board's detainer and awaiting trial on an open charge.

Section 21.1a of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a provides on its face authority for the Board to recommit a parolee who perpetrates another crime while on parole even if the prisoner is not convicted for such offense until after the expiration date of the original sentence. We have so held on numerous occasions and need not elaborate. *E.g., Choice v. Pennsylvania Board of Probation and Parole,* 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976); *Mitchell v. Board of Probation & Parole,* 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975).

In opposition to petitioner's second contention that the period from July 9, 1975, to October 27, 1975, be credited toward the unexpired term of his original sentence, *i.e.,* may not be used in calculating extension of his original maximum sentence, the Board concedes, as it must, that petitioner is entitled to credit, but argues that such credit may be applied to the new sentence. We can not agree.

During the period in question, petitioner was incarcerated and subject to the Board's detainer. Prior to the lifting of the detainer, therefore, petitioner was in the Board's custody and the time so served could be credited only to his original sentence. *See Commonwealth ex rel. Hall v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435 (1971).

However, when the Board's detainer was lifted on October 27, 1975, it no longer exercised custody and control over petitioner by way of incarceration, and so far as this record discloses, he was incarcerated

as of that date on other charges subject to bail and was freed on bail December 23, 1975, a status he may or may not enjoy at this writing as the Board as of March 7, 1977 (expiration date of petitioner's extended maximum sentence on the original charge) no longer asserts custody or control over petitioner.

Having concluded that the Board erred in not giving petitioner credit for the period he was incarcerated under its detainer we are, nevertheless, without jurisdiction or authority to direct that this time be credited to any sentence which does not reestablish in the Board jurisdiction over petitioner upon the expiration of the minimum term of any such sentence. Nor do we enjoy any jurisdiction with respect to any such sentences which would afford us the authority to direct a Common Pleas Court to credit such time against a flat sentence or the minimum or maximum of any such sentence.

We must, therefore, dismiss the petition.

ORDER

Now, May 18, 1977, the petition of Henry Leon Padgett is dismissed.