James L. Whitest, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 18, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON,

JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*James L. Whitest,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 15, 1978:

James L. Whitest filed a petition for review in the nature of mandamus, challenging his detention by the Pennsylvania Board of Probation and Parole pending disposition of criminal charges in Delaware County. The Board filed an answer with new matter. The parties filed cross motions for judgment on the pleadings. We grant the Board's motion and enter judgment in favor of the Board and against the petitioner, whose motion for judgment on the pleadings is denied.

Whitest was sentenced on December 5, 1975 in the Court of Common Pleas of Delaware County to a term of 3 to 6 years for the offense of murder, the effective date of this sentence being November 22, 1972. On April 6, 1976, he was released on parole under a parole plan to be carried out within the State of New York. Whitest was declared delinquent as of October 7, 1976 because his whereabouts were unknown to parole per-

sonnel. On March 10, 1978, Whitest was arrested in Chester, Pennsylvania, on charges of illegal possession of drugs and conspiracy. Thereafter, on April 3, 1978, a parole violation warrant was lodged with the authorities at the Delaware County Prison where Whitest was being confined.

On April 10, 1978, he was afforded a preliminary hearing before a district justice, at which time a prima facie case on the pending charges was established. On April 11, 1978, a "Notice of Charges and Hearing" was sent to Whitest and the Delaware County Public Defender, advising Whitest in writing of the technical parole violations and criminal charges against him and of a preliminary detention hearing scheduled for April 18, 1978. Whitest requested and was granted a continuance on two occasions in order to provide him time and opportunity to engage private counsel. On May 9, 1978, the preliminary detention hearing was held and Whitest was represented by counsel of his choice. The Board took action on May 30, 1978 to detain Whitest pending disposition of the criminal charges.

Whitest in substance advances three questions for our resolution. His first contention is that the Board violated his right to due process of law by lodging a detainer which prevents him from being released in the exercise of his constitutional right to post bail. This contention was fully refuted by the Court of Common Pleas of York County in the case of *Commonwealth ex rel. Brooks v. Lindsey,* (No. 511 May Term, 1973, filed March 22, 1973), *aff'd,* 228 Pa. Superior Ct. 759, 312 A.2d 800 (1973). In *Brooks,* Judge SHADLE convincingly wrote:

> [I]t is clear that petitioner's constitutional right to bail on the new charge has not been impaired by the filing of the parole detainer. Bail has been fixed for that offense and petitioner is

entitled to furnish it and to be released from custody *so far as that charge is concerned.* The fact that the parole detainer prevents his actual release does not deprive him of his bail rights on the new charge. Were it otherwise, any defendant could escape the effect of any valid detainer by committing a new offense, having bail fixed thereon, and claiming violation of his bail rights to defeat the detainer. (Emphasis in original.)

We agree and conclude that the detainer lodged against Whitest did not deprive him of his right to bail under the provisions of the United States Constitution. *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975).

Whitest's second contention is that the Board has violated his right to procedural due process and its own regulations[1] by detaining him without affording him a timely parole violation hearing. We disagree.

The Board's action taken on May 30, 1978 was to detain Whitest pending disposition of the criminal charges against him, and the charges of technical parole violations would be scheduled for a violation hearing at a future time. Since Whitest here contends that the violation hearing should have been conducted within 30 days of the Board's action of May 30, 1978, a time frame no longer applicable because the relevant Board regulation has been changed, effective March 1, 1977, we find his contention in this regard to be without merit.

---

[1] Whitest has cited the Board's previous regulations which required a final violation hearing within 30 days of the action of the Board on the report of the hearing officer. This regulation has been changed, effective March 1, 1977, and now provides for a violation hearing within 120 days of the preliminary hearing conducted by the hearing examiner. The regulation appears at 37 Pa. Code §71.2(11), which can presently be found in 7 Pa. B. 489.

The last contention made by Whitest is that the sentencing judge erred in fixing the effective date of his sentence for murder at November 22, 1972 rather than October 11, 1972, the date on which he was taken into custody as a result of being arrested in New York City by a member of the Federal Bureau of Investigation. We are unable to comprehend how this claim involves the Board, and it would have been incumbent upon Whitest to petition the sentencing judge for a reconsideration of his sentence or appeal from the sentence on the basis that it was improperly imposed.[2]

In the posture of the instant case naming the Board alone as respondent, we would not enjoy any jurisdiction which would afford us the authority to direct a common pleas court to alter the original sentence imposed on Whitest. *Cf. Padgett v. Board of Probation and Parole,* 30 Pa. Commonwealth Ct. 221, 373 A.2d 467 (1977).

Accordingly, we enter the following.

ORDER

AND Now, this 15th day of December, 1978, the motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings, at No. 66 Misc. Dkt. No. 2, is granted, judgment is entered in favor of the Board and against James L. Whitest, and the motion of James L. Whitest for judgment on the pleadings is denied.

---

[2] Pennsylvania Rule of Criminal Procedure 1406(b) provides:

(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offence or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

Neither the sentencing judge nor clerk of court of Delaware County is named as respondent in the instant proceeding.