David D. Sands, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 12, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*David D. Sands*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 30, 1979:

David D. Sands (petitioner) filed a petition for review from a decision of the Pennsylvania Board of Probation and Parole (Board) recommitting petitioner as both a technical and convicted parole violator. After the petition and the Board's answer were filed, petitioner filed a motion for summary judgment, and the Board filed a cross-motion for summary judgment. This Court ordered the summary judgment motions to be submitted on briefs. After review, we now hold that the issues thus presented are moot, and therefore we dismiss the petition for review and also the motion and cross-motion for summary judgment.

The facts are not in dispute. On December 19, 1975, petitioner began serving a sentence of six months to two years, with a minimum release date of June 19, 1976, and a maximum of December 19, 1977. Petitioner was paroled on June 19, 1976, having served six months of the sentence.

On April 20, 1977, petitioner was arrested on technical parole violations, and was given a violation hearing on April 28, 1977. On May 25, 1977, while still in custody for the parole violation, petitioner was arrest-

ed on charges of perjury. On May 31, 1977, the Board decided to recommit petitioner as a technical parole violator "when available."

Petitioner was found guilty of perjury on September 23, 1977, and sentencing was deferred. On October 27, 1977, petitioner, having waived a full board hearing, was afforded a revocation hearing by a representative of the Board, after which the Board, on November 30, 1977, reaffirmed petitioner's recommitment as a technical parole violator and also decided to recommit him as a convicted parole violator. Petitioner's maximum release date was modified to October 20, 1978.[1]

The issues raised by petitioner all reduce themselves to questioning the Board's calculation of petitioner's modified maximum release date of October 20, 1978, as to the original sentence. However, the modified maximum release date of October 20, 1978 has already passed. In fact, the pleadings on this case were not closed until October 10, 1978, when the Board filed its brief in support of cross-motion for summary judgment.

As of October 20, 1978, the Board no longer exercised custody and control over petitioner because, by its own determination, petitioner's modified sentence was completed. Because the Board lost its control over petitioner, we also have no further authority to act on questions raised by the Board's modification of the sentence. *Padgett v. Board of Probation and Pa-*

---

[1] The Certificate of the Chairman of the Pennsylvania Board of Probation and Parole stated that petitioner had backtime of one year and six months on his sentence. Because petitioner had served six months of a six-month to two-year sentence, that determination is correct. The Board apparently added the one year and six months directly to April 20, 1977, the date of petitioner's arrest for technical parole violation. The new maximum release date thus determined was October 20, 1978.

*role*, 30 Pa. Commonwealth Ct. 221, 373 A.2d 467 (1977).

There is no indication in the record that petitioner has yet been sentenced on his perjury conviction of September 23, 1977. However, as President Judge BOWMAN stated in *Padgett, supra,* as of the expiration date of petitioner's modified maximum sentence on the original charge, the Board no longer asserts custody or control over petitioner. 30 Pa. Commonwealth Ct. at 225, 373 A.2d at 468-69.

Therefore, the issues raised in this case are moot, and we must dismiss the petition for review and the subsequent motions.

### ORDER

AND Now, this 30th day of January, 1979, the petition for review, motion for summary judgment and cross-motion for summary judgment are dismissed.