David A. Delo, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, July 25, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*David A. Delo,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 10, 1979:

David A. Delo (petitioner) filed a petition for review with this Court directed against the Pennsylvania Board of Probation and Parole (Board). Presently before us are the Board's preliminary objections to the petition for review.

On November 6, 1975, the petitioner was sentenced in the Court of Common Pleas of Crawford County to serve a term of six months to two years incident to a charge of unlawful delivery of drugs. He was paroled May 6, 1976. On April 3, 1977, he was arrested on charges of kidnapping, involuntary deviate sexual intercourse, unlawful restraint, and indecent assault. A "48 hour temporary detainer" was lodged against him upon arrest and was subsequently replaced by a Board detainer. Board action was taken April 19, 1977, and the decision was: "detained pending disposition of criminal charges."

Petitioner did not post bail and was found guilty of the pending charges by a jury on May 12, 1977. He was sentenced, on January 17, 1978, to a term of two and one-half years to five years to be computed from the date of sentence. On March 10, 1978, the Board made a decision to "close case as to Crawford County" relative to petitioner's original sentence.

On May 25, 1979, a judge of the Court of Common Pleas of Crawford County, other than the sentencing judge, amended the petitioner's sentence to provide that the time petitioner was confined in the Crawford County Jail from his arrest on the new charges on April 3, 1977 to November 6, 1977 should be credited against his initial sentence, and time of confinement from November 7, 1977 until the date of sentence on the new charges, January 17, 1978, should be credited against the sentence imposed on January 17, 1978.

The crux of the issue raised by petitioner is whether petitioner's time served in the Crawford County Jail from his arrest on April 3, 1977 is to be credited against his initial six-month to two-year sentence, as to which the Board's detainer was lodged, or against the new sentence of two and one-half years to five years imposed January 17, 1978 or credited partially

against both sentences.[1] Although the new sentence was imposed to commence January 17, 1978, the sentencing judge stated, at the time of sentencing, that he wanted the petitioner to receive credit for the time spent in the Crawford County Jail, April 3, 1977 to January 17, 1978 "either on my time or the detainer time."

The Board's preliminary objections raise the contention that the issue of pretrial-custody credit is beyond this Court's jurisdiction. The Board contends in this regard that when petitioner's new sentence was amended on May 25, 1979, the issue was disposed of by a court of competent jurisdiction and any further judicial review rests with the Superior Court of Pennsylvania. The Board also contends that petitioner would need to apply to the Clerk of Court of Crawford County, not the Board, for credit against his sentence for days spent in custody prior to the imposition of sentence.

We must agree with the Board and sustain its preliminary objections on the authority of our holding in *Whitest v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 254, 395 A.2d 314 (1978). In *Whitest,* we stated what is equally applicable here:

> We are unable to comprehend how this claim involves the Board, and it would have been incumbent upon [Delo] to petition the sentencing judge for a reconsideration of his sentence or appeal from the sentence on the basis that it was improperly imposed.[2]
>
> [2] Pennsylvania Rule of Criminal Procedure 1406(b) provides:
>
> '(b) A sentence to imprisonment shall be deemed to commence and shall be computed

---

[1] *See Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978).

from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.'

Neither the sentencing judge nor clerk of court of [Crawford] County is named as respondent in the instant proceeding.

In the posture of the instant case naming the Board alone as respondent, we would not enjoy any jurisdiction which would afford us the authority to direct a common pleas court to alter the original [or amended] sentence imposed on [Delo]. *Cf.* Padgett v. Board of Probation and Parole, 30 Pa. Commonwealth Ct. 221, 373 A.2d 467 (1977).

*Id.* at 258, 395 A.2d at 316.

Accordingly, we enter the following

ORDER

AND Now, this 10th day of October, 1979, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained and the petition for review filed by David A. Delo is dismissed.