James T. Cunningham, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Julius T. Cuyler, Superintendent, Respondent.

Submitted on briefs, October 16, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*James T. Cunningham,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 6, 1980:

Petitioner, by his petition for review,[1] first seeks pre-trial custody credit for six days of jail time between his October, 1976 arrest and his release on bail in November, 1976. No parole issues being here involved, this court does not have jurisdiction to direct the court of common pleas to alter the effective date of the original sentence. Petitioner may only petition

---

[1] The parties' cross-motions for summary judgment are before us.

the sentencing judge for a reconsideration of the sentence, or appeal, on the basis that the sentence was improperly imposed. *Delo v. Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 386, 406 A.2d 581 (1979); *Whitest v. Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 254, 395 A.2d 314 (1978). Therefore, the board's preliminary objections to this first claim are sustained.

Next, petitioner contends that three years, ten months and five days, which he claims to have served on a sentence imposed in 1962 and terminated in 1977, should be credited either against the back time remaining on his original group of sentences or against a later five-to-ten-year sentence, imposed in 1977, which he is presently serving.

The original group of sentences, imposed on petitioner in 1962, included three consecutive sentences: five-to-ten years, four-to-eight years and two-to-five years, effective in 1961. At that time, Section 1 of the Act of June 25, 1937, P.L. 2093, *as amended,* 19 P.S. §897, now suspended,[2] provided for the aggregation of the total minimum limits of the several sentences and the aggregation of the maximum limits of the sentences, in order to determine parole eligibility. Under this provision, petitioner's aggregated minimum was 11 years, his aggregated maximum 23 years. *Cunningham v. Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 229, 394 A.2d 1315 (1978). .

In 1977, the above-mentioned two-to-five year sentence was terminated. Petitioner seeks the credit on the theory that, had that sentence been terminated before 1977, he would have been initially eligible for parole as early as 1970, as a result of a deletion of two years from the aggregated minimum. Petitioner's allegation is purely hypothetical. Petitioner was first

---

[2] Suspended by Pa. R. Crim. P. 1415(c).

paroled in 1972, after serving the aggregated minimum of 11 years. Nothing in the record suggests that petitioner would have been granted parole in 1970, even if he had been eligible for it on the basis of having served his minimum. The granting of parole is not a right of a prisoner but is a matter of administrative discretion. *Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971).

Petitioner relies on *Gasper v. Board of Probation and Parole,* 37 Pa. Commonwealth Ct. 26, 388 A.2d 1139 (1978), as authority for his contention that time spent on the terminated sentence should be credited either to a prior or subsequent sentence. In *Gasper, supra,* the court held that a state prisoner had been properly credited on a subsequent sentence for time served on a prior dismissed sentence. However, in that case, petitioner had been sentenced to consecutive terms on separate occasions. Therefore, the aggregation of the minimum and maximum terms, as provided by 19 P.S. §897, did not occur. Petitioner in *Gasper, supra,* was eligible for, and was granted, constructive parole to, and did, serve the minimums on each separate sentence while simultaneously completing the remainders on his maximums.

Here, petitioner was not eligible for parole until the running of the entire aggregated minimum of eleven years. Thus, the only effect of the termination of petitioner's two-to-five-year sentence was a reduction in the aggregated maximum originally imposed, from 23 to 18 years, which brought petitioner's maximum expiration date down to 1979. However, the board records correctly reflect the imposition in 1977 of another concurrent five-to-ten-year sentence, effective April 2, 1977, resulting in a new maximum of April 2, 1987.

Therefore, we will grant the Board's motion for summary judgment.

220

### ORDER

AND Now, this 6th day of February, 1980, summary judgment is entered for the Commonwealth of Pennsylvania, Board of Probation and Parole, and the motion of James T. Cunningham is denied.

Judge DiSALLE did not participate in the decision in this case.