**Zane J. SEILHAMER, Jr., Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 2009.

Decided May 19, 2010.

Jonathan D. Ursiak, Asst. Public Defender, Wilkes–Barre, for petitioner.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.[1]

Zane J. Seilhamer, Jr. (Seilhamer) petitions for review of a final adjudication of the Pennsylvania Board of Probation and Parole (Board) that affirmed the decision recommitting Seilhamer as a convicted parole violator to serve his unexpired term of two months and twenty-five days and recalculating his maximum date as February 11, 2009. Seilhamer is represented in this matter by Jonathan D. Ursiak, Esq., Assistant Public Defender of Luzerne County (Counsel). Counsel has filed a Petition for Leave to Withdraw as Counsel (Petition to Withdraw), in which he asserts that Seilhamer's Petition for Review is frivolous and without merit.

On December 2, 2005, Seilhamer was sentenced to serve one to two years in a state correctional institution after pleading guilty to the offenses of robbery and theft by deception. (Sentence Status Summary at 1–2, July 30, 2007, R. at 7–8.) Seilhamer's maximum date for this sentence was calculated as October 10, 2007. (Sentence Status Summary at 2, R. at 8.) On January 8, 2007, Seilhamer was released on parole. (Order to Release on Parole/Reparole, October 16, 2006, R. at 16.)

Thereafter, the Board declared Seilhamer delinquent effective January 24, 2007. (Administrative Action, February 5, 2007, R. at 19.) On May 8, 2007, the Board recommitted Seilhamer to serve six months backtime as a technical parole violator (Notice of Board Decision at 1, mailed May 24, 2007, R. at 21), and the Board subsequently recalculated Seilhamer's maximum date as November 26, 2007. (Notice of Board Decision, mailed August 6, 2007, R. at 27.) The Board reparoled Seilhamer on September 17, 2007. (Order to Release on Parole/Reparole, September 5, 2007, R. at 29.)

On November 8, 2007, the Altoona Police Department arrested Seilhamer on new criminal charges. (Criminal Arrest and Disposition Report at 1, November 14, 2007, R. at 35.) On August 18, 2008, Seilhamer pleaded guilty to criminal attempt (Court of Common Pleas of Blair County Criminal Docket at 4, December 31, 2008, R. at 45), and he was sentenced to serve twenty-one to forty-two months in a state correctional institution for this new conviction on September 19, 2008. (Sentence Status Summary at 1, R. at 109.)

On November 3, 2008, the Board held a parole revocation hearing regarding Seilhamer's new conviction. (Hearing Report, November 3, 2008, R. at 67–72.) On December 31, 2008, the Board: (1) recommitted Seilhamer as a convicted parole violator to serve the remainder of his unexpired term of two months and twenty-five days; and (2) recalculated Seilhamer's maximum date as February 11, 2009. (Notice of Board Decision, mailed January 8, 2009, R. at 95.)

Seilhamer filed a counseled request for administrative relief, seeking to have his maximum date changed to December 31, 2008, claiming that he had been returned to SCI–Camp Hill on October 7, 2008 and

---

1. This opinion was reassigned to the author-ing judge on February 17, 2010.

that his unexpired term of two months and twenty-five days should have been calculated from that date. (Request for Administrative Relief, January 29, 2009, R. at 102.) On February 11, 2009, Seilhamer completed serving his original state sentence. (Sentence Status Summary at 1, February 23, 2009, R. at 109; Moves Report, R. at 112.) At that point, Seilhamer immediately began serving the remainder of his new state sentence for his criminal attempt conviction, and the maximum date for that conviction was calculated as August 2, 2011. (Sentence Status Summary at 1, R. at 109; Moves Report, R. at 112.) On March 3, 2009, the Board issued a final adjudication concluding that the recalculation of Seilhamer's maximum date was correct and denying Seilhamer's request for administrative relief. (Final Adjudication at 1–2, R. at 113–14.)

On April 2, 2009, Seilhamer filed his Petition for Review with this Court. In his Petition for Review, Seilhamer challenges the Board's recalculation of the maximum date on his original sentence. Specifically, Seilhamer asserts that his maximum date should have been recalculated as December 31, 2008, not February 11, 2009.[2] Counsel filed his Petition to Withdraw, along with an *Anders*[3] brief, on July 24, 2009.

Before we reach the merits of Seilhamer's Petition for Review, we must first consider Counsel's Petition to Withdraw. While Counsel filed an *Anders* brief along with his Petition to Withdraw, all that was required here was a no-merit letter.[4] Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the

---

**2.** We note that if Seilhamer had been released from confinement upon the completion of his original sentence on February 11, 2009, any challenge regarding the Board's recalculation of his maximum date would have been rendered moot. However, because any error in the recalculation of the maximum date on Seilhamer's original sentence could impact the timing of Seilhamer's new state sentence, and because the Commonwealth continues to exercise custody and control over Seilhamer such that this Court could award him relief, the present matter is not moot. *Cf. Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674–75 (Pa.Cmwlth.2000) (dismissing petition for review as moot where the petitioner was released from confinement at the expiration of his maximum date and could no longer be awarded relief because he was not under the custody and control of the Commonwealth); *Sands v. Pennsylvania Board of Probation and Parole*, 40 Pa.Cmwlth. 189, 396 A.2d 914, 915–16 (1979) (dismissing petition for review as moot where petitioner had not yet been sentenced for a new conviction at the expiration of the maximum date on his original sentence and could not be awarded relief because he was no longer under the custody and control of the Board).

**3.** *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**4.** Where no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa.Cmwlth.2009). A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25–26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Because Seilhamer is only challenging the recalculation of his maximum date, the test set forth above is not satisfied, and Seilhamer does not have a constitutional right to counsel in this case. Seilhamer only has a statutory right to counsel under Section 6(a)

same information that is required to be included in a no-merit letter. *See Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1123 (Pa.Cmwlth. 2005) (stating that "[i]f counsel provides an *Anders* brief to his client, the brief must contain, at a minimum, the list of issues raised by the parolee and an explanation of why those issues are without merit"); *Wesley v. Pennsylvania Board of Probation and Parole*, 150 Pa.Cmwlth. 54, 614 A.2d 355, 356 (1992) (explaining that because, under *Turner*, a no-merit letter requires less than an *Anders* brief, "an *An-ders* brief must contain at a minimum, the list of issues raised by petitioner and explanation of why *those* issues are meritless that is required of a no-merit letter"). A no-merit letter must include an explanation of "the nature and extent of [counsel's] review and list[ ] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Commonwealth v. Turner*, 518 Pa. 491, 494–95, 544 A.2d 927, 928 (1988).[5]

If counsel has not satisfied the technical requirements of a no-merit letter, then this

---

of the Act commonly known as the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10). As such, Counsel was only required to file a no-merit letter in order to withdraw from representation of Seilhamer.

5. We note that, in *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009), the Pennsylvania Supreme Court recently visited the issue of the proper procedure for counsel seeking to withdraw from representation in direct criminal appeals. In that case, the Supreme Court stated that it "has reaffirmed its commitment to *Anders* on numerous occasions, and has not, as is the case in other jurisdictions, fashioned an alternative procedure for withdrawal either through case decisions or through formal rule making." *Id.* at 173, 978 A.2d at 358. In making this statement, the Supreme Court cited to numerous cases, including two probation and parole cases from the 1990s: *Thornton v. Pennsylvania Board of Probation and Parole*, 525 Pa. 180, 578 A.2d 1289 (1990), and *Smith v. Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990). *Id.* Moreover, the Supreme Court explained that, under its existing precedent, an *Anders* brief could, but was not required to, include an explanation from counsel as to why the issues identified therein were frivolous. *Id.* at 174–75, 978 A.2d at 358–59. The Supreme Court noted that "[t]o the extent that any Pennsylvania decisions have rejected an *Anders* brief because the brief failed to develop a legal argument in support of an issue or provided an explanation as to why an issue was frivolous, such decisions are hereby disapproved." *Id.* at 176 n. 7, 978 A.2d at 360 n. 7. The

Supreme Court further explained that *Anders* briefs only needed to include "references to anything in the record that might arguably support the appeal." *Id.* at 176, 978 A.2d at 359. However, the Supreme Court held that, prospectively, an *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; *and (4) state counsel's reasons for concluding that the appeal is frivolous.*

*Id.* at 178, 978 A.2d at 361 (emphasis added). In reaching this conclusion, the Supreme Court explained that:

We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's *Anders* brief is to serve, *i.e.*, it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous.

*Id.* at 178, 978 A.2d at 360.
We believe that the Supreme Court's holding in *Santiago* applies equally to *Anders* briefs filed in probation and parole cases where there is a constitutional right to counsel. However, we do not construe *Santiago* as overturning this Court's twenty-one years of jurisprudence permitting no-merit letters to be filed by counsel seeking to withdraw in probation and parole cases. *See Hughes*, 977 A.2d at 22–26 (providing an in depth discussion of the historical developments in this Court's jurisprudence dealing with withdraw

Court will deny counsel's request to withdraw and direct counsel to either file a renewed request with supporting documentation that complies with the technical requirements of a no-merit letter or an advocate's brief. *Zerby v. Shanon,* 964 A.2d 956, 960 (Pa.Cmwlth.2009). However, if counsel has satisfied the technical requirements of a no-merit letter, then this Court will conduct its own independent review to determine whether the petition for review is, in fact, without merit. *Id.*

It is important to highlight that "[t]he purpose of ... a no-merit letter is to ensure that court-appointed counsel has discharged his or her duty to carefully assess any claims available to an indigent appellant." *Presley v. Pennsylvania Board of Probation and Parole,* 737 A.2d 858, 861–62 (Pa.Cmwlth.1999). Furthermore, the "failure to discharge such duty will hinder our independent examination of the merits of the appeal." *Id.* at 862.

█ Here, Counsel has failed to satisfy the technical requirements of a no-merit letter. Although Counsel identifies the recalculation issue, which is the sole issue that Seilhamer raises in his Petition for Review, Counsel provides no analysis or explanation of that issue. Importantly, Counsel does not provide any of his reasoning for concluding that the recalculation issue is without merit. Instead, Counsel provides a six-sentence recitation of the facts, with a few citations to the record,

and the conclusory statements that, "[b]ased on a review of the regulations and accompanying case law, [C]ounsel could not locate any cases supporting Seilhamer's contention. Thus, [C]ounsel believes any appeal is frivolous and without merit." (Counsel's *Anders* Br. at 5.) Given the lack of explanation regarding why Counsel believes the issue raised in Seilhamer's Petition for Review is without merit, Counsel has not fully discharged his duty in this case. This Court's ability to conduct its own independent review of the merits is impaired by Counsel's failure to provide supporting documentation, along with his Petition to Withdraw, that complies with the necessary legal requirements. Under these circumstances, we conclude that Counsel has failed to satisfy the technical requirements of a no-merit letter,[6] and, as such, we will not review the merits of Seilhamer's Petition for Review at this time.

Accordingly, Counsel's Petition to Withdraw is denied without prejudice, and Counsel has thirty days to either file an amended petition for leave to withdraw, along with a no-merit letter, or submit a brief on the merits of Seilhamer's Petition for Review.

### ORDER

**NOW,** May 19, 2010, the Petition for Leave to Withdraw as Counsel filed by Jonathan D. Ursiak, Esq., Assistant Public Defender of Luzerne County (Counsel), in

---

of counsel in probation and parole cases). Citing to *Turner,* the Supreme Court in *Santiago* specifically noted that "[a] no-merit letter is filed by an attorney who seeks to withdraw from representation in a collateral proceeding." *Santiago,* 602 Pa. at 162–63 n. 2, 978 A.2d at 351 n. 2. Moreover, the Supreme Court did not indicate that it was overturning *Turner* or any of this Court's decisional law deriving from *Turner,* nor did it state that no-merit letters should no longer be used in collateral matters, such as probation and pa-

role cases that do not involve a constitutional right to counsel.

**6.** We note that even if the present situation required the filing of an *Anders* brief and we were to apply pre-*Santiago* standards, Counsel's *Anders* brief would not be sufficient in that it fails to refer to items in the record that could arguably support Seilhamer's appeal, and it does not include a statement indicating that there are no such references which can be made.

the above-captioned matter is hereby **DE-NIED** without prejudice. Counsel is granted thirty days from the date of this order to either file a renewed petition for leave to withdraw as counsel, along with a no-merit letter, or submit a brief on the merits of Seilhamer's Petition for Review.

## DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent.

After recommitting Seilhamer as a convicted parole violator to serve his unexpired term of two months and twenty-five days, the Board set a new maximum term expiry of February 11, 2009. Because the maximum term of Seilhamer's confinement has expired, the instant appeal is moot. *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671 (Pa.Cmwlth. 2000); *Lawson v. Pennsylvania Board of Probation and Parole*, 105 Pa.Cmwlth. 427, 524 A.2d 1053 (1987); *Sands v. Pennsylvania Board of Probation and Parole*, 40 Pa.Cmwlth. 189, 396 A.2d 914 (1979). As a result, Attorney Ursiak's petition for leave to withdraw as counsel is also rendered moot.

However, even if it is assumed that the instant appeal should not be dismissed as moot, the instant matter should then be remanded to the Board for the appointment of new counsel. It is well settled that a parolee has the right to the effective assistance of counsel at each stage of the revocation proceedings. *Commonwealth v. Fowler*, 271 Pa.Super. 138, 412 A.2d 614, 615 (1979), *appeal after remand*, 275

Pa.Super. 544, 419 A.2d 34 (1980). This right to the effective assistance of counsel extends to the administrative appeal process with the Board, and in an appeal to this Court of the Board's denial of a request for administrative relief. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 556 Pa. 696, 727 A.2d 1123 (1998); *Larkin v. Pennsylvania Board of Probation and Parole*, 124 Pa.Cmwlth. 184, 555 A.2d 954 (1989).

In addition, Rule 3.1 of the Pennsylvania Rules of Professional Conduct provides, in pertinent part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous...." Pa.R.P.C. 3.1. Thus, "[w]here, as here, a lawyer knows that his or her client's case lacks any legal merit, the lawyer is not only justified in refusing to represent the client but also mandated to do so. *Peace v. Department of Public Welfare* [93 Pa.Cmwlth. 300] 501 A.2d 1164 (1985)." *Adams v. Department of Public Welfare*, 781 A.2d 217, 221 (Pa.Cmwlth. 2001).[1] More importantly, counsel for a parolee is specifically empowered to withdraw at the administrative appeal stage by submitting a letter to the Board where there is no basis in law or fact supporting such an appeal. *Bowman.*

In the instant case, present counsel[2] states that the sole claim that was raised in Mr. Seilhamer's counseled request for administrative relief that was submitted to

---

**1.** *See also Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Cmwlth. 586, 591–92, 502 A.2d 758, 761 (Pa.Cmwlth.1985) ("We also duly note the dictates of the Code of Professional Responsibility that was adopted by the Pennsylvania Supreme Court.... These provisions not only provide the justification for counsel to withdraw from a frivo-

lous appeal but they mandate that he do so.") (citations omitted).

**2.** The certified record of this case shows that present counsel, who is representing Mr. Seilhamer in this Court, and prior counsel, who represented Mr. Seilhamer before the Board, are both employed by the Luzerne County Public Defender's Office.

the Board, and the sole claim that he raised in Mr. Seilhamer's counseled petition for review filed in this Court, is "frivolous and without merit". Counsel's *Anders* Brief at 5. And yet, as outlined above, prior counsel was required by the Rules of Professional Conduct to request leave to withdraw his representation of Mr. Seilhamer before the Board because the only claim that he raised on Mr. Seilhamer's behalf with the Board has been conceded to be "frivolous and without merit". *Adams; Bowman.*[3] Moreover, by failing to request leave to withdraw, and by only raising one admittedly frivolous claim in Mr. Seilhamer's request for administrative relief, prior counsel waived any and all other claims that Mr. Seilhamer could have raised to the Board with respect to the revocation of his parole. Pa.R.A.P. 1551; *McCaskill v. Pennsylvania Board of Probation and Parole,* 158 Pa.Cmwlth. 450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 739 (1994).[4]

There could have been no reasonable basis for prior counsel to engage in such a course of conduct in effectuating Mr. Seilhamer's rights. Such a course of conduct is a *sine qua non* to a finding of the ineffective assistance of Mr. Seilhamer's counsel. *See, e.g., Scott v. Pennsylvania Board of Probation and Parole,* 739 A.2d 1142, 1145 (1999) ("The standard of review for claims of ineffective assistance of counsel is well-settled in the Commonwealth. A criminal defendant sustains a claim of ineffectiveness of counsel by proving by a preponderance of the evidence: (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to his prejudice. . . .") (citations omitted).

Finally, because both prior counsel and present counsel work in the Luzerne County Public Defender's Office, as a general rule, present counsel is precluded from arguing the ineffectiveness of either his or prior counsel's representation of Mr. Seilhamer. *Commonwealth v. Green,* 551 Pa. 88, 709 A.2d 382 (1998); *Commonwealth v. Ciptak,* 542 Pa. 112, 665 A.2d 1161 (1995). In addition, because prior and present counsel's ineffective assistance cannot be conclusively determined from the present state of the certified record of this case, the matter should be remanded to the Board. for the appointment of new counsel. *Green; Ciptak.*[5]

---

3. *See also Commonwealth v. DeHart,* 539 Pa. 5, 24 n. 10, 650 A.2d 38, 47 n. 10 (1994) ("In view of the multitude of specious arguments, previously litigated issues, and assertions contradicted by the facts of record in this appeal we deem it necessary to remind Appellant's PCRA counsel that there exists a duty not to pursue baseless claims or frivolous issues. *See* [Pa.R.P.C. 3.1]; . . . *Smith v. Pennsylvania Bd. of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990) (appellate court had the power to assess attorney's fees against court-appointed counsel who had filed a frivolous appeal). It is apparent that prior counsel was mindful of this duty in choosing not to appeal every adverse ruling or decision.").

4. Likewise, by only raising one admittedly frivolous claim in the petition for review that he filed in this Court, present counsel again waived any and all other claims that Mr. Seilhamer could have raised with respect to the revocation of his parole. Pa.R.A.P. 1513; *Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d. 1331 (1996); *Siers v. Pennsylvania Board of Probation and Parole,* 725 A.2d 220 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 562 Pa. 678, 753 A.2d 822 (Pa.1999); *Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa.Cmwlth. 507, 406 A.2d 1186 (1979).

5. *See also Scott,* 739 A.2d at 1145–1146 ("The reason, we presume, that our Supreme Court denied Scott's motion was because the proper procedure for raising the issue of ineffective assistance of counsel is to file a petition before the Board, even if the case is on appeal.

Accordingly, unlike the Majority, I would either dismiss the petition for review and the petition for leave to withdraw as moot or, in the alternative, remand the matter to the Board for the appointment of new counsel.

The necessity of having the Board first consider the matter is that this Court is not the proper forum to first raise the issue.... [C]laims of ineffective assistance of counsel can involve factual questions that cannot be determined on appeal and would have to be determined by the Board in the first instance. While this case appears to involve a purely legal issue, counsel could have had a reasonable basis for raising the issue only on federal constitutional grounds; otherwise *ipso facto*—if you do not raise a federal or state constitutional analog or vice versa—there is an automatic ineffective assistance of counsel. The reasons why it was not presented should first be presented to the Board for fact-finding as well as addressing in the first instance whether Scott has been prejudiced by counsel's ineffectiveness. Even if it is conceded in this case that the claim is purely legal, that does not mean that this Court can hear the case in the first instance any more than we can hear a case involving a legal question that would otherwise be filed in a common pleas court.") (footnotes omitted).