# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Richardson,                                     :
                        Petitioner         :
                                      :
                v.                           :   No. 1807 C.D. 2015
                                      :   SUBMITTED: June 24, 2016
Pennsylvania Board of                               :
Probation and Parole,                               :
                      Respondent       :

BEFORE:    **HONORABLE ROBERT SIMPSON,** Judge
                    **HONORABLE ANNE E. COVEY,** Judge
                    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                                       **FILED:  October 4, 2016**

Mark Richardson petitions *pro se* for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from an order recommitting him as a convicted parole violator.  We affirm.

The pertinent facts are as follows.  In March 2005, Richardson was found guilty of criminal conspiracy, robbery, and burglary in the Court of Common Pleas of Philadelphia County.  Certified Record (C.R.), Item No. 1 at 1.  Pursuant to a six to twelve year sentence, he was incarcerated with an original parole maximum date of January 15, 2017, and a minimum date of January 15, 2011.  In October 2010, the Board granted him conditional parole.  *Id.*, Item No. 3 at 10-12.  One of the conditions, which Richardson acknowledged via his signature, provided:  "If you are convicted of a crime committed while on

parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." *Id*. at 15.

In March 2013, the Philadelphia Police Department arrested Richardson and charged him with murder, criminal conspiracy, robbery, and several violations of the Pennsylvania Uniform Firearm Act of 1995.[1]  *Id*., Item No. 4 at 20 and 30.  Richardson pled guilty to third-degree murder, conspiracy-murder of the third degree, and robbery-infliction of serious bodily injury in February 2014, and the remaining charges were *nolle prossed*.  *Id*., Item No. 6 at 42, 43, and 48.  In March 2014, Richardson admitted to the aforementioned convictions and waived his right to a parole revocation hearing and counsel.  *Id*., Item No. 8 at 54.  In a decision mailed May 16, 2014, the Board recommitted him to a State Correctional Institution (SCI) as a convicted parole violator to serve his unexpired term, when available, pending sentencing on his new Philadelphia County case and his return to an SCI.  *Id*. at 63.  In January 2015, the trial court sentenced Richardson to (1) a fifteen to thirty-year term of confinement in an SCI; and (2) two underlapping and concurrent five to ten-year terms of confinement in an SCI.  *Id*., Item No. 9 at 64.  Thereafter, Richardson was transferred to SCI-Graterford in January 2015.  Accordingly, in a decision mailed May 6, 2015, the Board recommitted him as a convicted parole violator to serve his unexpired term of five years, ten months, and twenty-nine days and recalculated his parole maximum date as December 14, 2020.  *Id*. at 65.

---

[1] 18 Pa. C.S. §§ 6101 - 6127.

Subsequently, Richardson filed a petition for administrative review *nunc pro tunc*, which the Board received on July 16, 2015. Therein, he maintained that he had sought the assistance of the Defender Association of Philadelphia, but that it did not respond to his letter. In addition, Richardson provided a copy of a May 10, 2015, letter that he wrote to the association and its June 29, 2015, response to him indicating that it had lost his appeal paperwork. *Id.*, Item No. 10 at 72-73. Initially, the Board denied his petition as untimely in a decision mailed August 19, 2015. *Id.* at 75. Upon its subsequent review of the certified record and Richardson's claims regarding his attempts to seek an administrative remedy, however, the Board waived the untimeliness due to a breakdown in the office of the Defender Association of Philadelphia. Board's Brief at 7 n.1. Richardson's petition for review to this Court followed.

On appeal, Richardson argues that the Board lacked jurisdiction to recalculate and extend his original parole maximum date of January 15, 2017, and unlawfully modified his existing sentence and/or imposed a new one. Asserting, *inter alia*, deprivations of due process, he requests that this Court reverse the Board's decision and reinstate his original parole maximum date. Richardson's position is without merit.

By way of background, parole is a penological device designed to help prisoners reintegrate into society. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 847 (Pa. 1979). Parole is a matter of administrative discretion and not a right of the prisoner. *Cunningham v. Pa. Bd. of Prob. & Parole*, 410 A.2d 963, 965 (Pa. Cmwlth. 1980). In this regard, "[a] grant of parole does not eliminate a prisoner's sentence, but instead, the prisoner continues to serve his sentence during which time he or she is the subject of society's rehabilitation efforts under

3

supervision." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 769 (Pa. Cmwlth. 1997). Consequently, "[u]pon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled . . . ." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). In addition, although the Board has the power in certain cases to award a parolee credit for the time at liberty on parole, it may choose not to do so. *See* Section 6138(a)(2) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. § 6138(a)(2). Notwithstanding the Board's discretion in this regard, the statutory norm is that such credit shall not be provided to a convicted parole violator. *Pittman v. Pa. Bd. of Prob. & Parole*, 131 A.3d 604, 615 (Pa. Cmwlth.), *appeal granted*, 137 A.3d 572 (Pa. 2016). In any event, it remains true that requiring convicted parole violators to forego credit for street time "does not offend the constitutional guarantees to the citizens of the state and this nation[,]" but instead, "represents a reasonable exercise of the [state's] penological responsibility . . . ." *Young*, 409 A.2d at 847.

Furthermore, the Board has both the authority and responsibility to administer the state parole system. In this capacity, the Board, *inter alia*, is charged with directing the recommitment of convicted parole violators and recalculating maximum sentence and reparole review dates. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 302 (Pa. 2003). Additionally, it has long been established that the Board's authority to extend a maximum term expiration date does not usurp a court's sentencing function or constitute a violation of a parolee's due process rights. *See Gaito v. Pa. Bd. of Prob. & Parole*, 392 A.2d 343, 570 (Pa.

4

1978).[2]  In this regard, courts have rejected inmates' arguments that the denial of credit for time at liberty on parole amounts to an extension of the maximum date imposed by the sentencing judge.  *Young*, 409 A.2d at 847-48.  Accordingly, upon Richardson's new convictions in the present case, the Board had the authority to recalculate and extend his original parole maximum date.

Specifically regarding the Board's computation of Richardson's new maximum expiry, we note that the recalculation reflects the time yet to be served on his original sentence, 2,159 days of backtime, with no credit for his street time. *Armbruster*, 919 A.2d at 351.  Accordingly, adding 2,159 days to the original parole maximum date of January 16, 2015, results in a new parole maximum date of December 14, 2020.[3]

For the above reasons, therefore, we affirm.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[2] As this Court noted in *Smith v. Pennsylvania Board of Probation and Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016), *Gaito* was limited by *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308 (Pa. 2003).  That limitation does not apply here.

[3] In any event, we note that by electing not to pursue the parole revocation hearing and, consequently, that portion dealing with the amount of backtime owed in the event that he was recommitted as a convicted parole violator, Richardson waived the right to advance a claim of error that he could have raised at the hearing.  *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013).  In addition, where the recommitment period is within the presumptive range, courts will not review the Board's imposition of backtime.  *Id*. at 1077.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Mark Richardson,                 :
              Petitioner         :
                                  :
              v.                  :    No. 1807 C.D. 2015
                                  :
Pennsylvania Board of        :
Probation and Parole,         :
             Respondent     :

## **O R D E R**

AND NOW, this 4th day of October, 2016, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge
