IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Santangelo, :
:
Petitioner :
:
v. : No. 1338 C.D. 2019
: Submitted: August 14, 2020
Pennsylvania Board of :
Probation and Parole, :
:
Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  March 17, 2021


        Anthony Santangelo (Parolee) petitions for review of the decision of
the Pennsylvania Board of Probation and Parole (Board)[1] denying his request for
administrative relief after the Board revoked his parole and recommitted him to
serve the remainder of the unexpired term of his imprisonment as a convicted
parole violator (CPV).  We dismiss the petition for review as moot.

        On January 24, 2014, Parolee was sentenced to 1 year, 1 month and
15 days to 4 years in state prison based on his guilty plea to a drug-related charge.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Certified Record (C.R.) at 1-2, 60-61. On June 25, 2014, Parolee was sentenced to nine months to four years in state prison based on his guilty plea to a charge of fleeing or attempting to elude an officer. *Id.* On July 2, 2015, Parolee was released on parole, with a maximum sentence date of June 25, 2018. *Id.* at 7.

On January 11, 2016, the Pennsylvania State Police (PSP) filed charges against Parolee of fleeing or eluding, reckless endangerment, resisting arrest, driving under a suspended/revoked license, speeding, careless driving, driving without headlights on, changing lanes without signaling, and reckless driving. C.R. at 11-20. On February 1, 2016, the Board declared Parolee delinquent based on his failure to report to his parole agent and for changing his residence without permission. *Id.* at 6.

On December 1, 2017, Parolee was arrested by the Upper Providence Township Police and charged with possession of a small amount of marijuana, providing false identification to law enforcement, and driving under a suspended/revoked license. C.R. at 23-29. Parolee was housed in the Montgomery County Jail on these charges because he was unable to post bond on the new charges. *Id.* at 79, 80.

On December 1, 2017, the Board issued a warrant to commit and detain Parolee based on the violation of the conditions of his parole. C.R. at 30. On December 7, 2017, Parolee waived his right to a revocation hearing and the assistance of counsel, and admitted the violations of his parole. *Id.* at 40-41. On January 4, 2018, the Board accepted Parolee's waivers and admission of violations. *Id.* at 42-49. By decision mailed February 14, 2018, the Board recommitted Parolee as a technical parole violator (TPV) to serve six months' backtime and calculated his new maximum date to be May 21, 2020. *Id.* at 52-54.

2

On February 20, 2018, Parolee pleaded guilty to the fleeing or eluding charge and was sentenced to time served to 23 months in county jail. C.R. at 55-56. Parolee also pleaded guilty to a summary disorderly conduct charge and was sentenced to time served to 90 days in county jail. *Id.* at 57-58. On February 26, 2018, Parolee was returned to state prison. *Id.* at 78.

On February 28, 2018, the Montgomery County Adult Probation and Parole Department (Department) granted Parolee's Application for County Parole, thereby paroling him to state parole. C.R. at 59. With an effective date of December 1, 2017, the Department calculated Parolee's county sentence maximum date to be November 1, 2019. *Id.*

On April 19, 2018, the Board issued a notice of charges and hearing, and Parolee waived his right to a revocation hearing and the assistance of counsel and admitted the charges. C.R. at 63-65. On May 24, 2018, the Board accepted Parolee's waivers and his admission to being a CPV. *Id.* at 70-77. By decision mailed July 24, 2018, the Board recommitted Parolee as a CPV to serve nine months of backtime concurrent to the backtime imposed as a TPV. *Id.* at 100. The Board also did not award Parolee credit for the time that he spent at liberty on parole, citing "DANGER TO PUBLIC" and "EARLY FAILURE – ABSCONDED" as the reasons for doing so. *Id.* at 101. The Board recalculated his new maximum date to be February 23, 2021. *Id.*

On July 27, 2018, Parolee submitted an Administrative Remedies Form alleging, *inter alia*, that the Board erred in calculating his return to custody date and in failing to give him credit for the time while at liberty on parole. C.R. at 113-116. On January 8, 2019, Parolee was released on reparole. *Id.* at 105. On

July 1, 2019, the Board issued a decision correcting Parolee's maximum date to be February 21, 2021. *Id.* at 122.

On July 2, 2019, the Board denied the relief requested in Parolee's July 27, 2018 Administrative Remedies Form, affirming his maximum date to be February 21, 2021. C.R. at 124-125. On July 31, 2019, Parolee submitted an Administrative Remedies Form relating to the Board's July 1, 2019 decision alleging:

> CUSTODY FOR RETURN DATE IS INCORRECT. CLERK OF COURTS MADE AN ERROR ON SENTENCE SHEET. IT HAS NOW BEEN CORRECTED. PAROLE DATE ON INDICTMENT #CP98/2018 CTI SHOULD BE CORRECTED TO 02/20/2018.

*Id.* at 128. By decision mailed August 28, 2019, the Board denied the requested administrative relief and again affirmed Parolee's maximum date of February 21, 2021. *Id.* at 135-136. Parolee then filed the instant petition for review.[2]

Although Parolee raises a number of errors with respect to the calculation of the service of his original sentence, as noted above, the maximum date of his sentence has expired. This Court has explained that "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will dismiss an appeal when the occurrence of an event renders it impossible for this Court to grant the requested relief. *Id.* We will refuse dismissal only if the issues involved are capable of repetition yet likely to

---

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

evade review and are of important public interest, or where a party will suffer some detriment without this Court's decision. *Id.*; *Sands v. Pennsylvania Board of Probation and Parole*, 396 A.2d 914, 915 (Pa. Cmwlth. 1979).

Because the maximum date of February 21, 2021, on Parolee's original sentence has passed, and he is no longer under the custody and control of the Commonwealth, the instant appeal is moot. Although the credit issues that Parolee raises in this appeal are likely capable of repetition, they will not evade review and have been addressed in a number of other appeals from Board decisions denying administrative relief. Parolee will not suffer any detriment without this Court's decision because he is no longer serving his original state sentence and we cannot grant the requested relief.

Accordingly, Parolee's petition for review is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Santangelo,                        :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 1338 C.D. 2019
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 17<u>th</u> day of <u>March</u>, 2021, the Petition for Review filed by Anthony Santangelo in the above-captioned matter is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge