IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Jamil Davis,<br>                Petitioner<br><br>      v.<br><br>Pennsylvania Board of<br>Probation and Parole and<br>Pennsylvania Department of<br>Corrections,<br>                Respondents | :<br>:<br>:<br>:  No.  229 C.D. 2017<br>:<br>:  Submitted: November 17, 2017<br>:<br>:<br>:<br>:<br>:<br>:<br>: |


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                           FILED:  January 18, 2018


        Brendan R. Ellis, Esquire (Counsel), who is affiliated with the Wayne County Public Defender's Office, petitions this Court for leave to withdraw as counsel on behalf of Jamil Davis. Davis petitions for review of the January 18, 2017 order of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recalculation of his maximum sentence date. Upon review, we deny, without prejudice, Counsel's motion for leave to withdraw.

        In January 2005, Davis was sentenced to 21 to 72 months' imprisonment (Original Sentence) after pleading guilty to possession with intent to deliver a controlled substance. His original maximum sentence expiration date at institution

number GM-2392 was April 4, 2011. On July 16, 2007, the Board paroled Davis to Minsec of Scranton.

On March 25, 2010, Davis was arrested for theft by unlawful taking and receiving stolen property, and the Board issued a warrant to commit and detain Davis. Davis pleaded guilty to receiving stolen property and, by decision dated June 2, 2010, the Board recommitted him as a convicted parole violator to serve six months backtime. On June 16, 2010, Davis was sentenced to one to three years' incarceration at a state correctional institution (Detainer Sentence), and by decision dated September 21, 2010, the Board recalculated his maximum sentence date to March 2, 2014. (Certified Record (C.R.) at 1-3, 21-22, 25-28, 30, 44, 53, 55, 64-66.)

On February 15, 2011, the Board granted Davis reparole on his Original Sentence to institution number JX-1791, to begin serving his Detainer Sentence. Davis was granted parole on his Detainer Sentence and, on December 5, 2011, Davis was released to the Minsec Hazleton Treatment Center; however, he was discharged after an altercation with a food service worker and was sent to the ADAPPT Treatment Program in Reading. (C.R. at 67-69, 73-77, 97, 133.)

Davis left the ADAPPT facility on June 17, 2012, and did not return. He was declared delinquent as of that date. On March 13, 2013, Davis was arrested and charged with resisting arrest, possession of a prohibited offensive weapon, and prohibited acts. The Board again issued a warrant to arrest and detain Davis as of the date of the arrest. Five days later, Davis waived his rights to counsel and a violation hearing. On May 6, 2014, the Board recommitted Davis as a technical parole violator and recalculated his maximum sentence date as November 28, 2015, to account for the time he was delinquent on parole. (C.R. at 81, 83-89, 91, 97, 101, 110-14, 133.)

2

On November 24, 2014, Davis was released on reparole to the Wernersville Community Corrections Center, and while there, assaulted another resident. He was subsequently charged with simple assault and harassment, and on December 25, 2014, the Board lodged a detainer against Davis. Davis waived counsel and a violation hearing and admitted that he failed to complete the community corrections center program. By order dated April 13, 2015, the Board recommitted Davis as a technical parole violator to serve nine months' backtime for violating a condition of his parole. (C.R. at 118, 128-29, 134,140-41, 150-52, 192-93.)

On September 23, 2015, Davis pleaded guilty to the simple assault charge and was sentenced to 273 days' to 23 months' incarceration. Davis waived a revocation hearing and counsel and admitted that the conviction was a violation of his parole. The Board voted not to award any credit for the time Davis spent at liberty on parole, and, on December 21, 2015, the Board recommitted Davis as a convicted parole violator to serve his unexpired term.

By decision dated April 22, 2016, the Board recalculated his maximum sentence date to January 26, 2018, accounting for the forfeiture of credit for all time spent at liberty on parole. The forfeiture included the period of time from February 15, 2011, to December 5, 2011, when Davis was on constructive parole from his Original Sentence because he was serving his Detainer Sentence, and the period of time from December 5, 2011, to June 17, 2012, when Davis was on parole at the Minsec Hazleton Treatment Center and ADAPPT Treatment Program. Thus, based upon Davis' November 23, 2014 parole date and previous November 28, 2015 maximum sentence date, Davis had 857 days remaining on his sentence, including the 488 days he was previously on parole from February 11, 2011, to June 17, 2012. Additionally, the January 26, 2018 maximum sentence date reflected a 13-day credit for the period Davis

3

was confined from December 25, 2014, to January 7, 2015.[1] (C.R. at 165-69, 182, 186, 199-200, 211-13.)

Counsel filed a request for administrative relief on Davis' behalf, objecting to the calculation of the maximum sentence date because the Board failed to give Davis credit for the time he was incarcerated. Davis also sent his own *pro se* requests for administrative relief to the Board,[2] which deemed them to be administrative appeals from the Board's April 22, 2016 decision and denied the requests. (C.R. at 215-42, 254-57.)

Davis filed the instant *pro se* petition for review on February 16, 2017, arguing that the Board erred by failing to credit him for time served at the Minsec Hazleton Treatment Center and at the ADAPPT Treatment Program from December 5, 2011, to June 17, 2012. This Court appointed the Wayne County Public Defender's Office, with whom Counsel is affiliated, to represent Davis. On June 21, 2017, Counsel filed an *Anders* brief,[3] stating his determination that Davis' appeal lacked merit, as well as a petition for leave to withdraw. Davis filed a *pro se* brief in support of his appeal.

---

[1] The Board determined that Davis became available to commence serving his Original Sentence on October 5, 2015, which was the date that the court of common pleas released him on parole from his new sentence for the simple assault. (C.R. at 171, 212.)

[2] These requests were dated April 26, 2016, May 2, 2016, May 3, 2016, May 12, 2016, and November 14, 2016. (C.R. at 215-33, 239-42.)

[3] *Anders v. State of Cal.*, 386 U.S. 738 (1967). Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Before examining the merits of Davis' petition for review, we must first address Counsel's motion for leave to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must satisfy the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). Under *Craig*, Counsel must notify the inmate of his request to withdraw, furnish the inmate with a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), and inform the inmate of his right to retain new counsel or submit a brief on his own behalf. *Seilhamer*, 996 A.2d at 42-43. A no-merit letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with an explanation of why those issues are meritless. *Id.* at 43. If counsel satisfies these requirements, the court will conduct its own review of the merits of the case, and, if the court agrees with counsel, the court will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 997 A.2d 19, 22-26 (Pa. Cmwlth. 2009) (en banc). If there is not a constitutional right to counsel, counsel may satisfy his obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d 42 n.4. Because Davis does not assert that he did not commit the parole violations found by the Board, and because the issues are not complex or otherwise difficult to develop or present, there is no constitutional right to counsel here, and only a no-merit letter is required.

*Hughes*, 997 A.2d at 25-26. Nevertheless, Counsel has filed an *Anders* brief, which will satisfy his obligations if it contains all the information required of a no-merit letter.

Here, Counsel has failed to satisfy the requirements of an *Anders* brief/no-merit letter. Although Counsel identifies the sole issue that Davis raised on appeal—credit for the time from December 5, 2011, to June 17, 2012, that Davis was on parole at the Minsec Hazleton Treatment Center and ADAPPT Treatment Program—Counsel did not set forth any analysis of the issue. Counsel provides several sentences reciting the facts of the case, without citations to the record, concluding that the Board "was within its discretion" not to credit Davis with that time because, although Davis spent time in the community correction centers on parole from his Detainer Sentence, at the time, he was paroled from his Original Sentence. (Counsel's brief at 15.) Counsel cited to several sections of what is commonly referred to as the Prisons and Parole Code,[4] as well as three cases, but failed to address Davis' claims that the Board lacked the authority to recalculate his maximum sentence date and to place parolees in community correction centers operated exclusively by the Department of Corrections.

Accordingly, Counsel's petition to withdraw is denied without prejudice and Counsel has 30 days to file an amended petition for leave to withdraw and an *Anders* brief or a *Turner* no-merit letter, or, alternatively, to submit a brief on the merits of Davis' petition for review.

---

[4] Prison and Parole Code, 61 Pa.C.S. §§101 – 6309.

_____

PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamil Davis,                            :
                Petitioner              :
                                        :   No.  229 C.D. 2017
        v.                              :
                                        :
Pennsylvania Board of                   :
Probation and Parole and                :
Pennsylvania Department of              :
Corrections,                            :
                Respondents             :

## *ORDER*

AND NOW, this 18th day of January, 2018, Brendan R. Ellis, Esquire's (Counsel) motion for leave to withdraw as counsel is denied without prejudice. Counsel is granted 30 days from the date of this Order to either file a renewed application to withdraw and an amended *Anders v. State of California*, 386 U.S. 738 (1967) brief or a no-merit letter consistent with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) or, alternatively, to submit a brief on the merits.

_____
PATRICIA A. McCULLOUGH, Judge