IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Smith,                      :
                    Petitioner       :
                                     :
        v.                           :    No. 1663 C.D. 2017
                                     :    SUBMITTED:  August 24, 2018
Pennsylvania Board of                :
Probation and Parole,                :
                    Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  March 14, 2019

        Clarence Smith (Petitioner) petitions for review from the Pennsylvania Board
of Probation and Parole's (Board) September 27, 2017, ruling, through which it
dismissed as untimely Petitioner's May 4, 2017, Administrative Remedies Form. In
this Administrative Remedies Form, Petitioner challenged the Board's December 3,
2015, decision, which recommitted Petitioner for 12 months in state prison as a
convicted parole violator (CPV), revoked credit for the time Petitioner had served at
liberty on parole, and recalculated Petitioner's maximum parole violation expiration
date as October 8, 2022.  Petitioner's appointed counsel, Victor Rauch, Esquire
(Counsel), has submitted an Amended Petition to Withdraw as Counsel (Amended
Petition to Withdraw), asserting that Petitioner's Petition for Review is untimely,
procedurally improper, and frivolous. We deny Counsel's Amended Petition to
Withdraw without prejudice and direct Counsel to file either a proper Petition to
Withdraw and a no-merit letter, or an advocate's brief, within 30 days.

On September 22, 1988, Petitioner pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to Burglary and Conspiracy, for which he received an aggregate sentence of 12 to 24 years. Certified Record (C.R.) at 1. On February 6, 1989, Petitioner was found guilty of Robbery and sentenced to 10 to 20 years' incarceration, to run concurrent with his Burglary and Conspiracy sentences. Petitioner was paroled on October 26, 2000, at which point the Board set his maximum date as December 11, 2011. *Id.* at 5-7. Over the following decade, Petitioner was arrested, convicted, incarcerated, and re-paroled a number of times for various offenses. Some of these convictions resulted in extensions in the maximum date for his original sentence. A detailed recitation of these events is not relevant for purposes of disposition of this appeal. *See id.* at 12-136.

On December 2, 2014, while still on parole for his original sentence, Petitioner was arrested in Philadelphia and charged with several counts of Access Device Fraud, Attempted Forgery, Forgery, and Theft. *Id.* at 137-47. On May 20, 2015, Petitioner was convicted on 1 count of Attempted Forgery, as well as 3 counts of Forgery, and was sentenced to 6 to 23 months in county prison, followed by 6 years of probation. *Id.* at 160-65. On December 3, 2015, as a result of this new conviction, the Board recommitted Petitioner as a CPV for his original Burglary/Conspiracy sentence and ordered Petitioner to serve 12 months in state prison with no credit for the time he had spent at liberty on parole between February 2, 2011, and December 3, 2014. *Id.* at 169-70. His maximum date for the original sentence was recalculated as October 8, 2022. *Id.* at 169. Petitioner had 30 days from the Board's December 3, 2015, decision to file an administrative challenge thereto.[1]

---

[1] An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's

Petitioner subsequently sent a letter to the Board on December 23, 2015, challenging the Board's decision, due to his belief that, in essence, the Board had unlawfully extended his judicially imposed sentence, which Petitioner claimed had expired on December 11, 2011, by imposing backtime, improperly failed to give him credit for time served both at liberty on parole and on the Board's detainer, and illegally recalculated his maximum date. Supplemental Certified Record (S.C.R.) at 3A, 7A. In response to this letter, the Board issued a decision on March 9, 2016, affirming its December 3, 2015, decision. Therein, the Board stated that it had properly exercised its discretionary authority by ordering Petitioner to be recommitted for 12 months, due to his convictions, and by declining to give him credit for time spent at liberty on parole which extended Petitioner's maximum date to October 8, 2022. *Id.* at 192. Petitioner had 30 days to appeal the Board's March 9, 2016, final adjudication to this Court. Pa. R.A.P. 1512.

Rather than file a timely appeal of the Board's March 9, 2016, final adjudication, however, Petitioner mailed an Administrative Remedies Form to the Board on June 14, 2016, claiming, without elaboration, that the Board had committed errors of law and violated his constitutional rights in its decision allegedly issued on December 29, 2015. C.R. at 197-198. However, there is nothing in the Certified Record indicating that the Board issued a decision on December 29, 2015, and there is no evidence in the record showing that the Board imposed any additional sanctions upon Petitioner after issuing its decision on March 9, 2016. For this reason,

order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. This subsection supersedes 1 Pa. Code § 35.226 (relating to final orders).

37 Pa. Code § 73.1(a)(1); *see also id.* § 73.1(b)(1) (virtually identical regulation dealing with petitions for administrative review).

we must logically assume that Petitioner was referring to his own December 23, 2015, letter, through which he challenged the Board's December 3, 2015, decision, and which the Board received on December 29, 2015.

Nearly a year passed without a reply from the Board, prompting Petitioner to submit another Administrative Remedies Form on May 4, 2017, in which Petitioner claimed the Board had unconstitutionally extended his maximum date beyond that which had been imposed by the Trial Court and, in addition, had violated the separation of powers doctrine in doing so. S.C.R. at 8A-9A.[2]

The Board replied on September 27, 2017, to Petitioner's May 4, 2017, Administrative Remedies Form, explaining that it was dismissing the Form due to lack of timeliness, as Petitioner had not submitted it within the mandated 30-day appeal window after the Board had issued its December 3, 2015, decision. *Id.* at 12A.

The Board then responded on October 30, 2017, to Petitioner's June 14, 2016, Administrative Remedies Form, stating that it would not take action on the matter because this request for relief was procedurally improper. *See* C.R. at 199. Specifically, the Board informed Petitioner that:

> The Board regulation authorizing administrative relief does not permit additional appeals after the Board issues a final adjudication. 37 Pa. Code § 73.1. Nor is there a right to request reconsideration of the final adjudication [*i.e.*, the Board's March 9, 2016 ruling]. Rather, the next appeal step was to seek relief from the Commonwealth Court.

*Id.*

---

[2] Petitioner also mailed a follow-up letter to the Board on May 25, 2017, in which he inquired as to the status of his administrative challenge. S.C.R. at 10A-11A.

On November 3, 2017, Petitioner filed the instant Petition for Review[3] from the Board's September 27, 2017, ruling.[4] We subsequently appointed Counsel to represent Petitioner and, on February 1, 2018, Counsel submitted an Amended Petition for Review containing boilerplate language addressing a wide range of issues.[5]

On June 20, 2018, Counsel filed his Petition to Withdraw and an *Anders* Brief.[6] In his Petition to Withdraw, Counsel stated he had "made a conscientious examination of the record and . . . determined the appeal is wholly frivolous."

---

[3] Petitioner filed a mandamus action against the Board on July 11, 2017, docketed as *Smith v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth. No. 315 M.D. 2017), through which he sought to compel the Board to adjudicate his May 4, 2017, Administrative Remedies Form. Petition for Writ of Mandamus at 1-4. As already noted, the Board took action regarding the May 4, 2017, Administrative Remedies Form on September 27, 2017. On October 3, 2017, in response to the Board's preliminary objections to Petitioner's mandamus action, we issued a *per curiam* order granting Petitioner 30 days to appeal the Board's September 27, 2017 ruling. Commonwealth Court Order, 10/3/17, at 1.

[4] Petitioner alleges again that the Board improperly and unconstitutionally extended his maximum date without articulating a justification for this extension. Petition for Review at 2.

[5] Counsel argued that the Board imposed an illegal sentence, improperly declined to award Petitioner credit for time served at liberty on parole, and erred by failing to explain why it had declined to award such credit. Amended Petition for Review at 3-4. Counsel further claimed that 61 Pa. C.S. § 6138(a)(2), which gave the Board the ability to recalculate Petitioner's maximum date, represented an unconstitutional "violation of separation of powers, double jeopardy, and due process principles." *Id.* at 3-4.

[6] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, as Petitioner did not raise claims that implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

Rather, a no-merit letter would have been more appropriate. In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

Petition to Withdraw at 1. Counsel explained that Petitioner failed to timely appeal the Board's March 9, 2016, denial of his December 29, 2015, request for administrative relief. *Anders* Br. at 10-11. Rather, Petitioner filed an Administrative Remedies Form on June 14, 2016, which was procedurally improper. *Id.*[7] Counsel advised Petitioner in writing of his determination and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, if Petitioner disagreed with Counsel's conclusions. *See* Petition to Withdraw at 4.

On October 16, 2018, we directed the Board to file a Supplemental Record within 30 days, as a number of critical documents were missing from the Certified Record, including copies of some of Petitioner's filings with the Board. Commonwealth Court Order, 10/16/18, at 1. We also gave counsel 45 days from the date of the Board's compliance with this order to file either an Amended Petition to Withdraw or an Advocate's Brief. *Id.* The Board filed its Supplemental Certified Record on December 3, 2018, whereupon Counsel elected to submit an Amended Petition to Withdraw and an Amended *Anders* Brief on January 9, 2019. These filings are substantially similar to Counsel's original Petition to Withdraw and *Anders* Brief. *Compare* Amended Petition to Withdraw at 1 *and* Amended *Anders* Br. at 4-18 with Petition to Withdraw at 1 *and Anders* Br. at 4-16. Inexplicably, however, Counsel did not address therein Petitioner's May 4, 2017, Administrative Remedies Form.

Before considering the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Amended Petition to Withdraw and no-merit letter.

---

[7] Counsel further explained that the Board did not exceed its authority by extending Petitioner's maximum date to October 8, 2022, and declining to give him credit for time served at liberty on parole. *Anders* Br. at 11-14. Next, Counsel recognized that Petitioner could not challenge the Board's decision on the basis that it failed to explain why it chose to deny him credit for time served at liberty on parole, because he failed to properly petition for review of the Board's decision. *Id.* at 15.

"A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988) (brackets omitted)). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

Here, we find that Counsel's no-merit letter is deficient, as he completely ignored the Board action which caused Petitioner to seek relief from our Court, namely, the Board's dismissal as untimely of Petitioner's May 4, 2017, Administrative Remedies Form. Therefore, as Counsel has conducted an inadequate review of the record, we deny Counsel's Amended Petition to Withdraw without prejudice and direct him to file either a proper Petition to Withdraw and a no-merit letter, or an advocate's brief, within 30 days.

_____
ELLEN CEISLER, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Smith,               :
          Petitioner     :
                       :
      v.                :  No. 1663 C.D. 2017
                       :
Pennsylvania Board of    :
Probation and Parole,     :
          Respondent   :

## **O R D E R**

AND NOW, this 14th day of March, 2019, Victor Rauch, Esquire's (Counsel) Amended Petition to Withdraw as Counsel is hereby DENIED. Counsel shall file either a proper Petition to Withdraw and a no-merit letter, or an advocate's brief, within 30 days from the date of this order.

Jurisdiction retained.

_____
ELLEN CEISLER, Judge