IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig L. Ezell Jr.,                          :
                                             : No. 1210 C.D. 2015
                        Petitioner           : Submitted: January 29, 2016
                                             :
                v.                           :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :
                                             :
                        Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: February 22, 2016


        Craig L. Ezell Jr. petitions for review of the decision of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief after the Board revoked his reparole and recommitted him to
serve the remainder of his unexpired term of imprisonment as a convicted parole
violator.  We dismiss the appeal as moot.

        In October 2007, the Dauphin County Common Pleas Court initially
sentenced Ezell to a three year, six month- to eight-year term of imprisonment for a
violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and
Cosmetic Act (Act),[1] relating to the manufacture, sale, delivery, or possession with

_____
[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

the intent to deliver a controlled substance. Ezell was also sentenced to two concurrent terms for criminal conspiracy[2] and another violation of the Act. Ezell's initial controlling minimum sentence date was August 23, 2010, and his controlling maximum sentence date was February 23, 2015. On August 24, 2010, Ezell was released on parole.

In May 2011, the Board revoked Ezell's parole and recommitted him as a convicted parole violator based on his admitted convictions for additional violations of the Act. The Board recalculated his parole violation maximum date to be March 31, 2015. On June 28, 2011, Ezell was released on reparole.

In October 2011, the Board declared Ezell delinquent. In December 2011, the Board revoked Ezell's reparole and recommitted him as a technical parole violator to serve nine months backtime based on his admitted violation of a number of conditions of his parole. Ezell's parole violation maximum date remained March 31, 2015. On February 4, 2013, Ezell was released on reparole to a community corrections center.

In May 2013, the Board again declared Ezell delinquent. In August 2013, the Board again revoked Ezell's reparole and recommitted him as a technical parole violator to serve six months backtime for admitted violations of his parole conditions. The Board recalculated Ezell's parole violation maximum date to be April 16, 2015. On December 13, 2013, Ezell was released on reparole.

In December 2014, the Board again revoked Ezell's reparole and recommitted him to serve the remainder of his unexpired term of imprisonment as a convicted parole violator based on further convictions of violations of the Act.

---

[2] Section 903(a)(2) of the Crimes Code, 18 Pa. C.S. §903(a)(2).

The Board recalculated Ezell's parole violation maximum date to be January 20, 2016.

In January 2015, Ezell sought administrative relief with the Board seeking credit against his maximum sentence for the periods from June 28, 2011, to October 12, 2011, and April 22, 2014, to August 1, 2014. In May 2015, the Board denied Ezell's request for administrative relief on the basis that he had already received credit for those periods of time. Ezell filed the instant petition for review, arguing that the Board erred in denying credit for the period of June 28, 2011, to October 12, 2011, the period of time that he spent in a community corrections center, and that his maximum sentence date should be October 7, 2015.[3]

We will not address the merits of Ezell's claim on appeal. This Court has explained that "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will dismiss an appeal when the occurrence of an event renders it impossible for this Court to grant the requested relief. *Id.* We will refuse dismissal only if the issues involved are capable of repetition yet likely to evade review and are of important public interest, or where a party will suffer some detriment without this Court's decision. *Id. See also Sands v. Pennsylvania Board of Probation and Parole*, 396 A.2d 914, 915 (Pa. Cmwlth. 1979) ("As of [the parolee's maximum date], the Board no longer exercised control over [the parolee], because, by its own determination, [the parolee]'s modified sentence was completed. Because the Board lost its control

---

[3] In November 2015, this Court denied the Board's motion to dismiss this appeal as moot without prejudice to the Board to argue the appeal's mootness in its appellate brief.

over [the parolee], we also have no further authority to act on questions raised by the Board's modification of the sentence.") (citation omitted).

Because Ezell's maximum sentence date of January 20, 2016, has passed, this appeal is moot. Although the credit issue that Ezell raises in this appeal is likely capable of repetition, it will not evade review and has been addressed in a number of other appeals from Board decisions denying administrative relief. Ezell will not suffer detriment without this Court's decision[4] because he is no longer under the Board's supervision. Moreover, this Court cannot grant the requested relief.

Accordingly, the instant appeal is dismissed as moot.

MICHAEL H. WOJCIK, Judge

---

[4] The record demonstrates that the Board gave Ezell credit for the period of June 28, 2011, to October 12, 2011, in calculating his new maximum date of January 20, 2016. *See* Certified Record at 122.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig L. Ezell Jr.,                          :
                                             : No. 1210 C.D. 2015
                        Petitioner           :
                                             :
                v.                           :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :
                                             :
                        Respondent           :


O R D E R


AND NOW, this 22nd day of February, 2016, the above-captioned appeal is DISMISSED as moot.


MICHAEL H. WOJCIK, Judge