IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald J. Kent,                          :
                                         : No. 362 C.D. 2016
                    Petitioner           : Submitted: October 14, 2016
                                         :
        v.                               :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: February 13, 2017


        Ronald J. Kent petitions for review of the decision of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief after the Board revoked his parole and recommitted him to
serve the remainder of his unexpired term of imprisonment as a convicted parole
violator. We dismiss the appeal as moot.

        The Luzerne County Common Pleas Court (trial court) initially
sentenced Kent to a 7- to 15-year term of imprisonment for a violation of his
probation imposed on robbery convictions. Kent's initial controlling minimum
sentence date was December 23, 2004, and his controlling maximum sentence date
was December 23, 2012. In August 2005, Kent was released on parole.

In June 2007, the Board revoked Kent's parole and recommitted him to serve 18 months backtime as a convicted parole violator based on his conviction for possession of a controlled substance with the intent to deliver. In December 2008, Kent was constructively paroled to the detainer sentence for his drug conviction. The maximum date on his detainer sentence was November 21, 2013, and the maximum date on his original sentence was July 23, 2014.

In January 2010, Kent was released on parole from his detainer sentence to the Minsec Hazleton Treatment Center (Center). In August 2010, the Board declared Kent delinquent.

In April 2011, Kent was arrested by the Wilmington, Delaware Police for a number of drug and related charges. In May 2011, Kent was sentenced by a Delaware court to a suspended 5-year term of imprisonment for his convictions for possession with the intent to deliver a controlled substance and forgery and Kent was transferred to the State Correctional Institution – Graterford.

In August 2011, the Board again revoked Kent's parole and recommitted him as a technical and convicted parole violator to serve 15 months backtime based on his convictions and the violations of his parole conditions. The Board recalculated Kent's parole violation maximum date to be August 2, 2017. In an administrative appeal, the Board directed that an evidentiary hearing should be held to determine if Kent was entitled to credit against his sentence for the period of time he was at the Center.

However, in April 2015, the Department of Corrections restructured Kent's original sentence[1] based on a trial court order changing the commitment

---

[1] The Department's April 2015 DC16E Sentence Status Summary states, in pertinent part:

**(Footnote continued on next page…)**

credit on that sentence. As a result, in May 2015, the Board issued a decision noting the restructuring of Kent's original sentence; modifying its prior decisions; and changing his maximum date to December 29, 2016.

In May 2015, Kent sought administrative relief with the Board challenging the calculation of his maximum date and seeking credit against his original sentence for the time that he spent at the Center and in custody in Delaware prior to sentencing. In September 2015, a hearing was conducted on the issue of credit for time spent at the Center and, in October 2015, the Board denied Kent's credit request. In February 2016, the Board denied Kent's request for administrative relief regarding credit for his time at the Center and the calculation of his maximum date. Kent filed the instant petition for review,[2] arguing that the Board erred in denying credit for the 202 days that he spent at the Center; the 27

---

**(continued…)**

Version 9 was created because commitment credit has been adjusted per order dated 2-12-15 by [the trial court] which clarified credit time.

This credit adjustment changed subject's original max date.

* * * PBPP MUST ADJUST THE PV MAX DATE TO ALLOW FOR THIS CREDIT * * *

Certified Record (C.R.) at 1.

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

days that he spent awaiting sentencing in Delaware; and that he should be released from prison.[3]

However, we will not address the merits of Kent's claims on appeal. This Court has explained that "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will dismiss an appeal when the occurrence of an event renders it impossible for this Court to grant the requested relief. *Id.* We will refuse dismissal only if the issues involved are capable of repetition yet likely to evade review and are of important public interest, or where a party will suffer some detriment without this Court's decision. *Id.*; *Sands v. Pennsylvania Board of Probation and Parole*, 396 A.2d 914, 915 (Pa. Cmwlth. 1979).

Because the maximum date of December 29, 2016, on Kent's original sentence has passed and he is no longer serving that sentence, the instant appeal is moot. Although the credit issues that Kent raises in this appeal are likely capable of repetition, they will not evade review and have been addressed in a number of other appeals from Board decisions denying administrative relief. Kent will not suffer any detriment without this Court's decision because he is no longer serving his original sentence and we cannot grant the requested relief.[4]

---

[3] We granted appointed counsel leave to withdraw and allowed Kent to proceed *pro se* in this appeal.

[4] As noted above, Kent was on constructive parole from his original sentence to his detainer sentence at the time that he was paroled from the detainer sentence to the Center. As a result, any credit for any purported confinement that he served at the Center would apply to his detainer sentence and not to his original sentence. *See, e.g.,* Wile, *Pennsylvania Law of Probation and Parole*, §3:8 at 89 (3rd ed. 2010) ("Constructive parole is considered 'time at liberty' on parole for purposes of section 6138(a) of the Prisons and Parole Code, [61 Pa. C.S. **(Footnote continued on next page…)**

4

Accordingly, the instant appeal is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

_____
**(continued…)**

§6138(a),] or 'street time,' for purposes of determining to what credit an offender is due against a maximum sentence upon recommitment as a parole violator. Periods of constructive parole are forfeited upon an offender's recommitment by the [Board] as a convicted parole violator . . . .") (footnotes omitted).

Moreover, Kent's claims for credit are without merit. Regarding the conditions of confinement at the Center, the Board found that: it was not a secure facility; the Center did not detain Kent or refuse his right to depart the facility under his own power; the Center's residents were not locked in their rooms and there was a release mechanism on each door; the residents were permitted to leave for approved periods without escort or restraint; and Kent testified that he obtained employment while housed at the center and routinely signed out to go to work for extended periods of time. C.R. at 137. These findings are supported by the testimony of Kent and that of his parole agent. *Id.* at 110, 111, 115, 116, 119, 120, 122, 123. The findings also support the Board's determination that the conditions at the Center were not so restrictive as to constitute the equivalent of incarceration thereby warranting credit on his original sentence. *Medina v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116, 1119-1121 (Pa. Cmwlth. 2015). Finally, Kent is not entitled to credit for the time awaiting sentencing on his conviction in Delaware because he does not allege and did not demonstrate that he was solely held by the Board's detainer at that time or that he did not receive credit for that time on his new sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980).

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald J. Kent,                                        :
                                                       : No. 362 C.D. 2016
                          Petitioner                   :
                                                       :
              v.                                       :
                                                       :
Pennsylvania Board of                                  :
Probation and Parole,                                  :
                                                       :
                          Respondent                   :

# O R D E R

AND NOW, this 13<u>th</u> day of <u>February</u>, 2017, the above-captioned appeal is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge