# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Davis,               :
:
            Petitioner    :
:
        v.             : No. 861 C.D. 2020
                      : Submitted: April 1, 2021
Pennsylvania Parole Board,    :
:
          Respondent :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: February 15, 2022

Steven Davis (Parolee) petitions for review of a decision of the Pennsylvania Parole Board (Board) that denied his petition for administrative review of the Board's decision recommitting him to a state correctional institution (SCI) as a convicted parole violator (CPV) for six months and declining to award him credit for the time he spent at liberty on parole because of unresolved drug and alcohol issues. Parolee contends that the Board's finding that he has unresolved drug and alcohol issues is not accurate or supported by the record. Finding this matter to be moot, we dismiss the petition for review.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

On February 27, 2014, Parolee was found guilty of possession of a firearm by an unauthorized person; discharge of a firearm into an occupied structure; and possession of drugs with intent to manufacture, sell, or deliver.[2] Certified Record (C.R.) at 1. The Delaware County Court of Common Pleas (Delaware County Court) sentenced him to an aggregate term of four years to eight years in an SCI. *Id.* at 1-2. At that time, his maximum sentence date was February 7, 2021. *Id.*

On November 7, 2017, Parolee was released on parole.[3] C.R. at 7. On May 16, 2018, the Easttown Township Police Department was dispatched to the local Recovery Centers of America[4] for a disturbance. C.R. at 14 (affidavit of probable cause). Staff at the center alleged that Parolee had become verbally aggressive and requested his removal from the property. The police found Parolee with 15 pills, 12 of which were identified as controlled substances for which Parolee could not produce a prescription. C.R. at 14. He was arrested, processed, and released. *Id.* Ultimately, Parolee was charged with possession of controlled substances and possession of drug paraphernalia in the Chester County Court of Common Pleas (Chester County Court). *Id.* at 66.[5]

---

[2] Additionally, his probation was revoked based on possession of a controlled substance, and he was sentenced to a term of incarceration. Certified Record (C.R.) at 1. He was also sentenced to several years of probation for possession of a weapon, recklessly endangering another person (four counts), and theft by unlawful taking. *Id.* at 3.

[3] By that time, his maximum sentence dates on the two drug charges had expired. C.R. at 2. Thus, he was paroled on the two firearm offenses. *Id.* at 7.

[4] On May 14, 2018, following a positive urinalysis for numerous controlled substances, Parolee's parole agent directed him to enter outpatient treatment. C.R. at 26. Recovery Centers of America is presumably the outpatient treatment center Parolee entered.

[5] Parolee posted nominal bail of $1.00 on June 27, 2018. C.R. at 66.

The Board issued a detainer warrant on June 15, 2018, and Parolee was incarcerated that day. C.R. at 15, 17. By decision recorded on July 31, 2018, the Board detained Parolee pending disposition of the new criminal charges. *Id.* at 21. On September 27, 2018, the possession of controlled substances charges were withdrawn, and Parolee pleaded guilty to possession of drug paraphernalia. *Id.* at 67. He was sentenced by the Chester County Court to one year of probation and ordered to undergo a drug and alcohol evaluation and complete recommended treatment. *Id.*

The Board issued a notice of a parole revocation hearing to Parolee due to his new conviction. C.R. at 29. Parolee waived his right to a panel hearing, and the case was heard by a hearing examiner on November 11, 2018. *Id.* at 31, 33. At the hearing, Parolee acknowledged that he had a drug and alcohol problem. Hearing Transcript (Hr'g Tr.) at 9-11; C.R. at 41-43. He testified that following his arrest on May 16, 2018, he immediately checked himself into a drug and alcohol treatment center in Bridgeton, New Jersey. *Id.* at 9; C.R. at 41. He completed inpatient treatment and was set up for outpatient treatment when the Board issued the detainer warrant. *Id.* at 9, 11; C.R. at 41, 43. Further, he set up a home plan with his sister, and a friend was helping him find employment. *Id.* at 11; C.R. at 43. Parolee asserted that he does not "need to be sitting [in] State Prison over a paraphernalia [conviction]." *Id.* at 12; C.R. at 44. He claimed that the paraphernalia was the cellophane on a cigarette pack.[6] *Id.* at 10; C.R. at 42. He stated that he just had a "small slipup with some pills and an empty bag." *Id.* at 12; C.R. at 44. As such, he demanded to be released immediately. *Id.* at 13; C.R. at 45.

---

[6] There is no description of the drug paraphernalia contained in the charges.

The hearing examiner explained that immediate release was not possible, as the Board's decision is not based solely on the new conviction, but on Parolee's supervision history; then, a report is generated, and it goes to the Board for consideration. Hr'g Tr. at 14; C.R. at 46. Parolee stated that his parole officer was present and should be able to "generate a Board action." *Id.* at 15; C.R. at 47. The hearing examiner responded that the parole officer was not a Board member, and that, instead, the parole agent may only act after receiving instructions from the Board. *Id.* Parolee complained that he did not deserve to be treated like this "[f]or an empty bag." *Id.* at 16; C.R. at 48.

By decision mailed on January 9, 2019, the Board recommitted Parolee as a CPV to serve six months' backtime in an SCI due to his new conviction. C.R. at 75-76. The Board stated that Parolee exhibited "[p]oor adjustment under supervision." *Id.* at 75. It therefore directed that Parolee be evaluated for drug and alcohol treatment and participate in any treatment deemed appropriate, and that he be listed "for reparole review on the next available docket." *Id.* In its discretion, the Board denied credit for the time that Parolee spent at liberty on parole based on his "unresolved drug and alcohol issues." *Id.* The Board recalculated Parolee's maximum sentence date as September 15, 2021. *Id.* at 76.

Parolee filed a *pro se* administrative remedies form. C.R. at 77-78. He complained that he had already served six months of backtime as of December 15, 2018, and that the Board should have given him an automatic reparole date, instead of reviewing him for reparole at a later date. Further, he claimed that SCI-Coal Township has him listed on the June 2019 parole docket. At the latest, he claimed he should be on the February 2019 parole docket. He also asked why his original

4

maximum sentence date was extended by seven months, and further asserted that the Board cannot extend a sentence date handed down by a judge. *Id.* at 78.

By decision mailed on August 7, 2020, the Board responded by denying Parolee's administrative appeal. C.R. at 80-81. First, the Board determined that Parolee's challenge to his reparole eligibility date was moot, because following Parolee's appeal, he was interviewed and granted reparole; however, the Board rescinded the grant of reparole when Parolee committed a misconduct. *Id.* at 80. Second, the Board explained how it recalculated Parolee's maximum sentence date, noting that when he was paroled on November 7, 2017, there were 1,188 days remaining on his original sentence. Parolee was detained solely on the Board's detainer for 104 days from June 15, 2018 (the date of the Board's warrant), through September 27, 2018 (the date of sentencing on the new conviction), and subtracting 104 days from 1,188 days left 1,084 days remaining on Parolee's original sentence. Because the new sentence was a probationary term, Parolee became available to serve his original sentence immediately upon his sentencing on September 27, 2018. Adding 1,084 days to that date yielded a recalculated maximum sentence date of September 15, 2021. Accordingly, the Board concluded that it did not err and affirmed its prior decision.

Parolee petitions for review to this Court, raising one issue.[7] He claims that the Board abused its discretion when it declined to award him credit for the time that he spent at liberty on parole for the reason that he has unresolved drug and alcohol issues, which reason he asserts is not accurate or supported by the record.

_____

[7] This Court's review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634, 637 n.4 (Pa. Cmwlth. 1999).

At the outset, we must first address the issue of mootness.[8] As outlined above, in this case, Parolee's maximum sentence date has already expired. This Court has explained that "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will dismiss an appeal when the occurrence of an event renders it impossible for this Court to grant the requested relief. *Id.* We will refuse dismissal only if the issues involved are capable of repetition yet likely to evade review and are of important public interest, or where a party will suffer some detriment without this Court's decision. *Id.*; *Sands v. Pennsylvania Board of Probation and Parole*, 396 A.2d 914, 915 (Pa. Cmwlth. 1979).

Because the maximum date of September 15, 2021, on Parolee's original sentence has passed, and he is no longer under the custody and control of the Commonwealth, the instant appeal is moot. Although the credit issue that Parolee raises in this appeal is likely capable of repetition, it will not evade review and has been addressed in a number of other appeals from Board decisions denying administrative relief. Parolee will not suffer any detriment without this Court's decision because he is no longer serving his original state sentence and we cannot grant the requested relief.[9]

---

[8] *See, e.g.*, *Department of Public Welfare v. Kallinger*, 615 A.2d 730 (Pa. 1990) ("AND NOW, . . . the Court, *sua sponte*, dismisses this appeal as moot.").

[9] Additionally, even if the instant matter is not deemed to be moot, the Certified Record in this matter demonstrates that Parolee has waived his claim on appeal. Like the issue of mootness, we may *sua sponte* raise the question of issue preservation. *Pergolini v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 504 C.D. 2019, filed January 13, 2020), slip op. at 5; *see* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential
**(Footnote continued on next page…)**

6

Accordingly, the petition for review is dismissed as moot.


_____
MICHAEL H. WOJCIK, Judge

---

decisions . . . may be cited for their persuasive value."). Section 703(a) of the Administrative Agency Law provides that, although a party is not precluded from raising a question about the validity of a statute in an appeal, a "party may not raise upon appeal any other question not raised before the agency . . . ." 2 Pa. C.S. §703(a). Pa. R.A.P. 1551(a) similarly provides, with several exceptions not applicable here, that "[n]o question shall be heard or considered by the court which was not raised before the government unit." "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). In Parolee's administrative remedies form and the accompanying statement, he does not raise any claim that the Board's reason for denying him street time credit was an abuse of discretion. C.R. at 77-78. The Board's denial of street time credit and its stated reason is not even mentioned. As such, Parolee's challenge to the Board's stated reason for denying him street time credit is waived.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Davis,                :
                                   :
              Petitioner   :
                                   :
           v.                 : No. 861 C.D. 2020
                                   :
Pennsylvania Parole Board,    :
                                   :
            Respondent :

## **O R D E R**

AND NOW, this 15<u>th</u> day of <u>February</u>, 2022, the petition for review filed in the above-captioned matter is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge