IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melvin Abdullah El-Amin, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Parole Board, | : | No. 838 C.D. 2021 |
| Respondent | : | Submitted: January 28, 2022 |


BEFORE:　　HONORABLE ANNE E. COVEY, Judge
　　　　　　 HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY　　　　　　　　　　　　　　　　FILED:  April 12, 2022


Melvin Abdullah El-Amin (El-Amin) petitions this Court for review of the Pennsylvania Parole Board's (Board) June 28, 2021 decision that affirmed the Board's decisions mailed August 8, 2019, March 10, 2020, and April 23, 2021.  El-Amin presents one issue for this Court's review: whether the Board erroneously determined that El-Amin was at liberty on parole and not entitled to credit for the time he spent detained by the Board at the York Community Correction Center (CCC), the Keystone Community Correctional Facility (CCF), and the Harrisburg CCC.  After review, this Court affirms.

On September 1, 2015, El-Amin pled guilty to two counts of access device fraud, for which the York County Common Pleas Court sentenced him to two to four years of incarceration (Original Sentence).  *See* Certified Record (C.R.) at 1.  El-Amin's maximum sentence release date at that time was May 18, 2019.  *See* C.R. at 2.  On August 7, 2017, El-Amin was released on parole.  *See* C.R. at 7.  As a condition of his supervision, El-Amin was to enter the York CCC.  *See* C.R. at 11.  El-Amin stayed at the York CCC until he was hospitalized on October 23, 2017.  *See*

C.R. at 224. Following his release from the hospital on December 20, 2017, he went to the Keystone CCF. *See* C.R. at 193. On January 12, 2018, as a special condition of his parole, El-Amin was required to reside at the Harrisburg CCC until given permission by parole staff to move. *See* C.R. at 14.

On July 14, 2018, the West Shore Regional Police (in Cumberland County) arrested El-Amin for access device fraud and theft. *See* C.R. at 19, 24. On July 17, 2018, the East Pennsboro Police (in Cumberland County) arrested El-Amin for theft by deception, access device fraud, and receiving stolen property.[1] *See* C.R. at 22. Also on July 17, 2018, the Lower Paxton Police (in Dauphin County) arrested El-Amin for access device fraud and theft. *See* C.R. at 43. Finally, on July 17, 2018, the Swatara Township Police (in Dauphin County) arrested El-Amin for access device fraud, identity theft, and theft. *See* C.R. at 45. As a result, the Board issued a warrant to commit and detain El-Amin on July 17, 2018.[2] *See* C.R. at 17, 22. On July 23, 2018, the Susquehanna Township Police (in Dauphin County) arrested El-Amin for criminal trespass, access device fraud, theft, and receiving stolen property. *See* C.R. at 41.

On May 8, 2019, El-Amin pled guilty to the charges for which he was arrested in Dauphin County (New Charges). *See* C.R. at 42, 48, 70, 102. On May 18, 2019, the Board cancelled its warrant to commit and detain El-Amin because he reached his Original Sentence maximum release date. *See* C.R. at 36. On July 1, 2019, the Board issued a new warrant to commit and detain El-Amin. *See* C.R. at 37. On July 10, 2019, El-Amin waived his parole revocation hearing. *See* C.R. at 76. By decision recorded on August 8, 2019, the Board recommitted El-Amin as a convicted parole violator (CPV) to serve his unexpired term pending sentencing on

[1] The certified record does not contain any further information regarding the Cumberland County charges.

[2] The access device fraud charges are for the unauthorized use of credit cards. Hence, the multiple arrests from different townships on the same day.

2

his New Charges. *See* C.R. at 179-180. On August 16, 2019, El-Amin mailed an Administrative Remedies Form appealing from the Board's August 8, 2019 decision, *inter alia*, for not awarding him credit for the time he spent at the York CCC from August 7 to November 7, 2017, the Keystone CCF from December 20, 2017 to January 12, 2018, and the Harrisburg CCC from January 12 to July 17, 2018.[3] *See* C.R. at 195-196.

On December 20, 2019, the Dauphin County Common Pleas Court sentenced El-Amin on his New Charges to an aggregate term of two to four years of incarceration (New Sentence). *See* C.R. at 172-173. By March 10, 2020 order, the Board recommitted El-Amin as a CPV and recalculated his Original Sentence maximum release date to September 16, 2021.[4] *See* C.R. at 174. On April 17, 2020,

---

[3] On September 10, 2019, El-Amin mailed an addendum to his Administrative Remedies Form detailing his arguments. *See* C.R. at 198-201.

[4] Although El-Amin has reached his recalculated Original Sentence maximum release date, El-Amin is still in custody in the State Correctional Institution at Rockview serving his New Sentence. *See* http://inmatelocator.cor.pa.gov (last visited April 11, 2022). Accordingly, the instant matter is not moot because El-Amin continues to be in state custody. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2020). Therein, this Court noted:

> [I]f Seilhamer had been released from confinement upon the completion of his original sentence on February 11, 2009, any challenge regarding the Board's recalculation of his maximum date would have been rendered moot. However, because any error in the recalculation of the maximum date on Seilhamer's original sentence could impact the timing of Seilhamer's new state sentence, and because the Commonwealth continues to exercise custody and control over Seilhamer such that this Court could award him relief, the present matter is not moot. *Cf. Taylor v. [Pa.] [Bd.] of Prob*[.] [&] *Parole*, 746 A.2d 671, 674-75 (Pa. Cmwlth. 2000) (dismissing petition for review as moot where the petitioner was released from confinement at the expiration of his maximum date and could no longer be awarded relief because he was not under the custody and control of the Commonwealth); *Sands v. [Pa.] [Bd.] of Prob*[.] [&] *Parole*, . . . 396 A.2d 914, 915-16 ([Pa. Cmwlth.] 1979) (dismissing petition for review as moot where petitioner had not yet been sentenced for a new conviction at the expiration of the maximum

El-Amin notified the Board that he wished to appeal from the Board's March 10, 2020 decision. *See* C.R. at 204. On March 17, 2021, the Board issued a Notice of Charges and Hearing, scheduling an evidentiary hearing to determine the custodial nature of the programs at the York CCC for the period of August 7 to November 7, 2017, the Keystone CCF for the period of December 20, 2017 to January 12, 2018, and the Harrisburg CCC for the period of January 12 to July 17, 2018. *See* C.R. at 191.

On March 30, 2021, the Board conducted an evidentiary hearing, pursuant to *Cox v. Pennsylvania Board of Probation & Parole*, 493 A.2d 680 (Pa. 1985), to determine whether the restrictions at York CCC, Keystone CCF, and Harrisburg CCC were considered the equivalent to confinement for purposes of El-Amin receiving credit on his Original Sentence. *See* C.R. at 213-262. The Hearing Officer found that El-Amin was not a resident of any secure facilities during any of the specified time periods. *See* C.R. at 266. Specifically, the Hearing Officer found that the York CCC, the Keystone CCF, and the Harrisburg CCC did not restrict El-Amin's ability to leave, because residents were allowed to leave with permission for various reasons, which included employment, employment searches, leisure activities, shopping, and attending medical and Social Security appointments. *See* C.R. at 266-267. The staff at all three facilities was prohibited from stopping any resident from leaving the buildings, even if the resident chose to leave without signing out. *See* C.R. at 267. Although the doors at all three facilities were locked from the outside to prohibit unauthorized people from entering the buildings, parolees could freely exit the buildings. *See* C.R. at 267.

---

date on his original sentence and could not be awarded relief because he was no longer under the custody and control of the Board).

4

By decision recorded on April 14, 2021, and mailed April 23, 2021, the Board denied El-Amin's request to give him credit for the time he spent at the York CCC, the Keystone CCF, and the Harrisburg CCC. *See* C.R. at 270-272. On May 11, 2021, El-Amin mailed an Administrative Remedies Form appealing from the Board's April 14, 2021 decision. *See* C.R. at 273-275. On June 28, 2021, the Board affirmed its decisions recorded on August 8, 2019, March 10, 2020, and April 14, 2021.[5] *See* C.R. at 278-280. El-Amin timely appealed to this Court.[6]

El-Amin argues that this Court should revisit its *en banc* decision in *Torres v. Pennsylvania Board of Probation & Parole*, 861 A.2d 394 (Pa. Cmwlth. 2004). El-Amin encourages this Court to review the Honorable Judge Rochelle S. Friedman's concurring opinion therein. El-Amin acknowledges that this Court revisited *Torres* in *Medina v. Pennsylvania Board of Probation & Parole*, 120 A.3d 1116 (Pa. Cmwlth. 2015), and therein re-affirmed *Torres*. However, El-Amin believes that the *Medina* Court's interpretation of *Cox* is unreasonable, as its interpretation of the phrase *equivalent of incarceration* fails to account for the evolution of incarceration over the past 30 years through reforms aimed at reducing recidivism and curbing costs. He asserts that Pennsylvania now has county and state partial incarceration programs that allow work release and other day furloughs for inmates serving sentences, CCCs which are owned and operated by the Department of Corrections (DOC), and CCFs with which DOC contracts for placement to ease the burden on the limited number of DOC beds. El-Amin maintains that the facilities

---

[5] The Board erroneously referred to the last decision as recorded on April 22, 2021; however, it was recorded on April 14, 2021, and mailed April 23, 2021.

[6] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

all utilize work release to recoup some of the cost of the inmate's residency, and offer day or weekend passes to transition the inmate's re-entry into the community. El-Amin insists that *Cox* represents the Pennsylvania Supreme Court's recognition that the loss of liberty entitling the parolee to sentence credit was not limited to time spent behind state prison walls.

> In *Torres*, this Court explained:
>
>> As the [Pennsylvania] Supreme Court held in *Cox*, specific circumstances may constitute such restrictions on liberty as to require credit toward a sentence on recommitment. Although no formulation will apply to all potential individual circumstances, . . . ordinary restrictions such as those that attend many inpatient treatment programs are not so onerous as to require a credit. The Court holds otherwise, however, when the restrictions upon a parolee become such that they destroy any sense of being "at liberty on parole" and, consequently, meet the *Cox* standard. Recognizing that courts must continue to examine the factual circumstances of each case, the Court nevertheless holds that **a parolee who has been forbidden generally to leave a particular inpatient drug and alcohol rehabilitation facility for a specified period for which credit is sought**, **who is under 24-hour supervision during the specified period**[,] **and who is not permitted to make required trips outside of the facility without an escort cannot reasonably be described as being "at liberty on parole."**[7]

*Torres*, 861 A.2d at 400-01 (emphasis added).

---

[7] Judge Friedman stated in her concurrence in *Torres*:

> [T]o an inmate who is *not* on parole, a CCC residency is the equivalent of incarceration. On this basis, I suggest that to meet their burden of proof under *Cox*, parolees may present evidence to establish that the restrictions on liberty are identical for parolees and inmates at a CCC. Given such evidence, I would conclude that the parolee is entitled to credit towards his sentence for time spent at the CCC.

*Torres*, 861 A.2d at 402 (Friedman, J., concurring) (footnote omitted).

6

The *Medina* Court rejected the argument that *Torres* should be revisited, expounding:

> Medina offers no reason to reverse course and disavow . . . a line of recent, persuasive precedent that squarely rejected the same argument he advances here.
>
> In addition, the analysis in the concurring opinion in *Torres*, which compares the restrictions imposed on parolees housed at CCFs, CCCs or inpatient treatment programs with the restrictions imposed on pre-release inmates under DOC's jurisdiction, differs from the analysis espoused by our Supreme Court in *Cox*. **The *Cox* analysis requires a parolee to show the specific restrictions on *his* liberty at a particular facility are the equivalent of incarceration; thus, the *Cox* comparison is between restrictions on the parolee at a facility and restrictions on the parolee when he was in prison**.

*Medina*, 120 A.3d at 1123-24 (emphasis added).

El-Amin directs this Court to Section 6138(a)(2.3) of the Prisons and Parole Code (Parole Code), wherein the General Assembly recently redefined when a parolee is at liberty on parole as follows: "A parolee is at liberty on parole when the parolee is residing at a [CCC], [CCF,] or group-based home for purposes of this section. This paragraph does not apply to parolees detained on the [B]oard's warrant or recommitted as a technical parole violator to a [CCC] or [CCF]." 61 Pa.C.S. § 6138(a)(2.3) (effective June 30, 2021). El-Amin proclaims that this amendment is a change in the law and, because it is punitive in nature, i.e., it extends the length of incarceration, it cannot be applied to him retroactively.[8] This Court disagrees.

By enacting Section 6138(a)(2.3) of the Parole Code, the General Assembly did not change the law. Rather, the General Assembly codified the long line of precedents which held that, because parolees residing in a CCC or CCF

---

[8] This Court does not rule on whether Section 6138(a)(2.3) of the Parole Code is punitive, as that issue is not currently before the Court.

generally are allowed to leave with permission for various reasons, including employment, employment searches, leisure activities, shopping, and attending medical and Social Security appointments, the CCCs and CCFs do not restrict a parolee's ability to leave; the staff at CCCs and CCFs are generally prohibited from stopping any resident from leaving the building, even if he/she chooses to leave without signing out; and, although the doors at CCCs and CCFs are locked from the outside to prohibit unauthorized people from entering the building, parolees can freely exit the buildings; therefore, time spent by a parolee at a CCC or CCF is generally treated as time spent at liberty on parole. *See Medina*, 120 A.3d at 1119 ("[T]his Court repeatedly holds that parolees are not entitled to credit for periods in which they reside in . . . CCCs[], CCFs, or inpatient treatment programs where the Board determines the parolees did not meet their burden of proving the restrictions on their liberty were the equivalent of incarceration."). The fact that the General Assembly codified this Court's common law in this area undermines El-Amin's argument for revisiting those holdings. Accordingly, this Court will not disturb them.

For all of the above reasons, the Board's decision is affirmed.


_____
ANNE E. COVEY, Judge

8

Melvin Abdullah El-Amin, :
          Petitioner :
           :
      v. :
           :
Pennsylvania Parole Board, : No. 838 C.D. 2021
          Respondent :

# O R D E R

AND NOW, this 12th day of April, 2022, the Pennsylvania Parole Board's June 28, 2021 decision is affirmed.

_____
ANNE E. COVEY, Judge