IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Midgley,              :
             Petitioner        :
                                   :
       v.                      : No. 59 C.D. 2021
                                     : Submitted: February 18, 2022
                                     :
Pennsylvania Parole Board,     :
             Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: April 1, 2022

Petitioner Robert A. Midgley (Midgley) petitions for review of Respondent Pennsylvania Parole Board's (Board) December 30, 2020 order, through which the Board affirmed its March 15, 2019 decision to recommit him to serve a total of 12 months of backtime, recalculate the maximum date on his carceral sentence, and award him no credit for time served at liberty on parole. Midgley's counsel, Sarah Beth Stigerwalt-Egan, Esquire (Counsel), has submitted an Application to Withdraw as Counsel (Application to Withdraw) along with an *Anders* brief,[1] through which she contends that arguments raised by Midgley in his Petition for Review are frivolous and without merit. After thorough consideration, we deny Counsel's Application to Withdraw without prejudice and direct her to file either a proper,

---

[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009).

amended Application to Withdraw and no-merit letter, or an advocate's brief in support of Midgley's Petition for Review, within 30 days.

## I. Background

On August 5, 2015, after pleading guilty to one count of driving under the influence, Midgley was sentenced in the Court of Common Pleas of the 39th Judicial District, Franklin County Branch (Trial Court) to a term of one to five years in state prison. Certified Record (C.R.) at 1. The Board then paroled Midgley on August 8, 2016, at which point the maximum date on his August 2015 sentence was August 5, 2020, reflecting that Midgley had 1,458 unserved days left on that sentence. *Id.* at 4-7. Thereafter, on February 15, 2018, Midgley tested positive for THC during a routine parole supervision drug screening procedure, prompting the Board to issue a detainer and take him into custody that same day. *Id.* at 11-12, 22.[2] Midgley was subsequently charged with indecent exposure on February 22, 2018, which stemmed from an incident in Chambersburg, Pennsylvania, on February 13, 2018, during which he was discovered while masturbating in public at a local library. *Id.* at 19-20, 24-27. On March 28, 2018, Midgley pled guilty to the indecent exposure charge and was sentenced by the Trial Court to 6 to 12 months in state prison. *Id.* at 66, 75-79.

The Board then issued a series of decisions that addressed both Midgley's positive drug test and his criminal conviction. On May 16, 2018, the Board recommitted Midgley as a technical parole violator (TPV) on account of his positive

---

[2] THC, or tetrahydrocannabinol, "is the substance [that is] primarily responsible for the effects of marijuana on a person's mental state." *Cannabis (Marijuana) and Cannabinoids: What You Need To Know*, NATIONAL CENTER FOR COMPLEMENTARY AND INTEGRATIVE HEALTH (November 2019), https://www.nccih.nih.gov/health/cannabis-marijuana-and-cannabinoids-what-you-need-to-know (last visited March 31, 2022). Tetrahydrocannabinol is a Schedule I controlled substance under Pennsylvania law. *See* 28 Pa. Code § 25.72(b)(3)(xvi).

drug test and ordered that he serve six months of backtime, with an automatic reparole date of August 15, 2018. *Id.* at 38-40. On July 2, 2018, the Board modified its May 16, 2018 decision by deleting the automatic reparole provision and recommitting Midgley to serve 12 months of backtime as a convicted parole violator, due to his guilty plea, to be served concurrently with the previously imposed 6 months of TPV backtime "when available pending parole from (or completion of) [his March 2018 sentence]." *Id.* at 70-71. Finally, on March 15, 2019, the Board reiterated its backtime recommitment determination, declined to award Midgley any credit for time served at liberty on parole, and recalculated the maximum date on his August 2015 sentence as March 7, 2022.[3] *Id.* at 82-83. Confusingly, however, the Board's Order to Recommit, dated March 14, 2019, states that Midgley's "prior parole liberty forfeited" was "0" days and, without explanation, awards him 18 days of backtime credit for the time period between February 15, 2018, and March 5, 2018. *Id.* at 80-81.

In response, Midgley challenged two of these decisions before the Board. First, in July 2018, Midgley administratively appealed the Board's July 2, 2018 decision, in which he argued that the Board's parole "hit" exceeded the time remaining on his August 2015 sentence. *Id.* at 87-88. The Board denied this administrative appeal on March 27, 2019. *Id.* at 90. Subsequently, on April 8, 2019, Midgley submitted a second administrative appeal, this one regarding the Board's March 15, 2019 decision. Therein, he stated that he wished "to request leniency in the Board's decision not to award credit . . . for the time served at liberty on parole due to the mental capacity of offender during commission of crime resulting in

---

[3] The Board arrived at this recalculation by using March 28, 2018, as the date of Midgley's "custody for return" and then adding 1,440 days to that date. *See* C.R. at 80-81.

parole violation." *Id.* at 91-92. The Board denied Midgley's second administrative appeal on December 30, 2020. *Id.* at 94-95.

Midgley then filed his *pro se* Petition for Review with our Court on January 12, 2021, regarding the Board's December 30, 2020 order. In his Petition for Review, Midgley argued that the Board had unlawfully revoked credit for time served at liberty on parole that it had previously awarded him and had extended his August 15, 2015 sentence in violation of the Pennsylvania Constitution's and United States Constitution's prohibitions against double jeopardy and cruel and unusual punishment. Pet. for Rev. ¶¶10-11. On February 26, 2021, we appointed the Northumberland County Office of the Public Defender to represent Midgley in this matter. Order, 2/26/21, at 1-2. Counsel entered her appearance on Midgley's behalf on August 10, 2021, and then filed her Application to Withdraw and *Anders* brief on October 13, 2021.

## II. Discussion

Technical Sufficiency of Counsel's *Anders* Brief

Before addressing the validity of Midgley's substantive arguments, we must assess the adequacy of Counsel's *Anders* brief. Throughout this process, Midgley has only sought to challenge the Board's handling of his time served at liberty on parole, as well as the Board's alleged violations of his due process rights and the constitutional prohibition upon cruel and unusual punishment. Counsel therefore did not need to file an *Anders* brief in this matter, as none of Midgley' claims implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[4] Rather, a no-merit letter would have been more

---

[4] A constitutional right to counsel arises when the petitioner presents a[] colorable claim (i) that he has not committed the alleged

**(Footnote continued on next page…)**

4

appropriate. Through a no-merit letter, appointed counsel seeks to withdraw from representation because "the [petitioner's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007). "[W]e will not deny an application to withdraw simply because an attorney has filed an *Anders* brief where a no-merit letter would suffice"; instead, we evaluate the *Anders* brief as if it was a no-merit letter. *Hughes*, 977 A.2d at 26 n.4. "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (some alterations omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.* Furthermore, it is of critical import to this analysis that

> [t]he process of a court-appointed attorney seeking leave to withdraw from [this kind of] case . . . happens after a petition for review is filed, but before the petitioner submits an appellate brief. Therefore, given that a court-appointed attorney must address all issues raised by their client before a court can determine whether to grant

> violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Seilhamer*, 996 A.2d at 43 n.4 (quoting *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009)) (some punctuation omitted).

> permission to withdraw from the case, and the identifiable issues raised at the administrative level are not waived until the substantive brief stage, the court-appointed attorney must analyze all such issues in order to obtain leave to withdraw, even if those issues were not mentioned in the petitioner's petition for review.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020); *see* Pa. R.A.P. 1513(d)(5) ("[T]he omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record.").

Counsel's *Anders* brief falls short of satisfying these requirements. In her brief, Counsel addresses the question of whether the backtime imposed by the Board fell within the presumptive ranges for both Midgley's technical violation and his conviction, despite the fact that Midgley never challenged the amount of backtime he received. *Anders* Br. at 13-15. Additionally, Counsel discusses whether the Board improperly revoked previously awarded credit for time spent at liberty on parole. *Id.* at 15-16. What Counsel has failed to do, however, is analyze the leniency argument Midgley made in his April 8, 2019 administrative appeal or the constitutional due process and cruel and unusual punishment claims he presented in his *pro se* Petition for Review. As such, Counsel's *Anders* brief fails to clear the bar established by the aforementioned case law and, thus, is technically insufficient.

### III. Conclusion

Consequently, we deny Counsel's Application to Withdraw without prejudice and direct Counsel to remedy the aforementioned deficiencies by filing either an

6

amended Application to Withdraw and no-merit letter, or an advocate's brief in support of Midgley's Petition for Review, within 30 days.[5]

_____
ELLEN CEISLER, Judge

---

[5] We recognize that the maximum date on Midgley's August 2015 sentence was March 7, 2022. However, it appears that Midgley is still incarcerated in the Commonwealth's state prison system at State Correctional Institution - Coal Township. *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited March 31, 2022). Therefore, in addition to curing the aforementioned deficiencies, Counsel shall address whether the passage of the maximum date on Midgley's August 2015 sentence renders his Petition for Review moot. *See Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted) ("[T]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. . . . It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief. . . . Dismissal will be refused only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision."); *Morrison v. Pa. Parole Bd.* (Pa. Cmwlth., No. 655 C.D. 2020, filed Mar. 1, 2021), slip op. at 6, 2021 WL 772626, at *3 (parolee would suffer some detriment if court dismissed petition for review on basis of mootness where parolee had presented arguments that, if correct, raised the "possib[ility] that the Board may have erroneously impeded his ability to start serving his [new] sentence and, thus, improperly delayed his ultimate release from state custody"); Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Midgley,                    :
                    Petitioner        :
                                      :
          v.                          :   No. 59 C.D. 2021
                                      :
Pennsylvania Parole Board,            :
                    Respondent        :

**O R D E R**

AND NOW, this 1st day of April, 2022, the Application to Withdraw as Counsel filed by Sarah Beth Stigerwalt-Egan, Esquire (Counsel) is hereby DENIED WITHOUT PREJUDICE. Counsel shall file either an amended Application to Withdraw as Counsel and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), or an advocate's brief in support of Petitioner Robert A. Midgley's Petition for Review, within 30 days of the date of this order.

_____
ELLEN CEISLER, Judge